JUSTICE KINSER
delivered the opinion of the Court.
In this appeal, we decide whether the trial court abused its discretion when it struck plaintiff’s designation of his expert witness for *173 failure to comply with an order to provide discovery. Because the court took this action prior to a deadline that it had previously established for plaintiff to make his expert witness available for a deposition, we conclude that the court abused its discretion and will therefore reverse the judgment of the circuit court.
FACTS AND PROCEEDINGS
Raymond William Walsh filed an amended motion for judgment[1] against Dr. Dean R. Bennett, an orthopaedic surgeon, and several other defendants, alleging, inter alia, that Dr. Bennett was negligent and committed medical malpractice in performing orthopaedic surgery on Walsh.[2] In accordance with the trial court’s pre-trial scheduling order, Walsh designated five expert witnesses. Dr. Bennett objected to Walsh’s designation of expert witnesses on the basis that the designation was inadequate, and moved to strike the designation and prevent Walsh from calling the experts as witnesses at trial. The trial court sustained that motion but granted Walsh leave to amend his designation of experts. The court further ordered that Walsh would not be permitted to file any additional amendments to his designation of expert witnesses.
Walsh subsequently submitted a Supplemental Designation of Expert Witnesses, naming only Dr. John P. Kostuik as an expert witness.[3] Dr. Bennett again objected and moved to strike the designation on the basis that it was vague and contained insufficient information.
After a hearing on May 21, 1999, the trial court denied Dr. Bennett’s motion on the condition that Dr. Bennett have the opportunity to “adequately depose” Dr. Kostuik “by the close of business” on June 4, 1999. Otherwise, the court would grant Dr. Bennett’s motion. Both parties objected to the court’s order.
Prior to the hearing on May 21, Walsh had requested an extension of time in which to complete discovery, or alternatively, a continuance of the scheduled trial date of June 21, 1999. In that request, Walsh asserted that Dr. Kostuik was essentially unavailable for depo *174 sition during the remaining time prior to the trial date.[4] Walsh also contended that, without the extension, he would not have sufficient time in which to depose Dr. Bennett’s expert witnesses prior to trial. On May 26, 1999, the trial court heard Walsh’s motion and denied it.
Also on May 26, Dr. Bennett’s counsel noticed the discovery deposition of Dr. Kostuik for June 4, commencing at 1:30 p.m. A representative of Dr. Kostuik’s office then called Dr. Bennett’s counsel and advised that Dr. Kostuik was available only on June 4 for a deposition from 12:30 until 1:30 p.m. The next day, Dr. Bennett again moved to strike Walsh’s designation of his expert witness because of Walsh’s alleged failure to make Dr. Kostuik available for a deposition at a time convenient to Dr. Bennett’s counsel.
At a hearing on June 2, 1999, regarding Dr. Bennett’s motion, Walsh stated that Dr. Kostuik could be deposed from 10:00 a.m. until 1:30 p.m. on June 4.[5] Dr. Bennett’s counsel advised the court that she had informed Walsh’s counsel on several occasions that she was available to take Dr. Kostuik’s deposition on any day other than that time frame on June 4. However, on a previous occasion, Dr. Bennett’s counsel had advised the court and Walsh’s counsel that she was available “at any time other than June 4, 1999, between 12:30-1:30 p.m.”
At that hearing, Walsh also argued that, by making the doctor available for three and one-half hours, he was in compliance with the court’s earlier order to provide an opportunity for Dr. Kostuik to be “adequately depose[d].”[6] After Dr. Bennett’s counsel again stated that she was available to depose Dr. Kostuik anytime other than from 10:00 am to 1:30 p.m. on June 4, the trial court offered to extend the June 4, 1999 deadline. However, Walsh’s counsel stated that the previously identified three and one-half hour time frame on June 4 was the only time Dr. Kostuik was available for deposition. When pressed by the court for information on Dr. Kostuik’s availability, Walsh’s counsel replied that the court “may as well ‘go ahead and dismiss the case.’ ” The court then granted Dr. Bennett’s motion to strike *175 Walsh’s designation of his expert witness and ordered that Dr. Kostuik would not be permitted to testify as an expert witness at the trial of this case.
Thereafter, at the same hearing, Dr. Bennett moved the court to dismiss the case on the ground that, without an expert witness, Walsh’s evidence was insufficient as a matter of law to prove his claim for medical malpractice. Again, Walsh’s only response was “go ahead and dismiss the case.” The trial court granted the motion and entered an order on June 2, 1999, reflecting its decision on both of Dr. Bennett’s motions. We awarded Walsh this appeal.
ANALYSIS
Rule 4:12(b) governs discovery abuses and provides for sanctions against a party who fails to comply with a court’s order to provide or permit discovery. A trial court generally exercises “broad discretion” in determining the appropriate sanction for failure to comply with an order relating to discovery. Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990). Consequently, we accord deference to the decision of the trial court in this case and will reverse that decision only if the court abused its discretion in striking Walsh’s designation of his expert witness. See First Charter Land Corp. v. Middle Atl. Dredging, Inc., 218 Va. 304, 308-09, 237 S.E.2d 145, 148 (1977). However, an appellate court should not simply rubber stamp every discretionary decision of a trial court. To the contrary, we have an obligation to review the record and, upon doing so, to reverse the judgment of the trial court if we find a clear abuse of discretion.
The determination whether a trial court has abused its discretion is fact-specific. The facts of the instant case show that the trial court ordered Walsh to make his expert witness available for a deposition on or before the close of business on June 4. However, prior to that date — in other words, before Walsh had exhausted the time during which he could comply or fail to comply with the court’s order — the court struck Walsh’s designation of his expert witness and dismissed the case.
The facts also establish that in the days prior to June 2, Walsh’s counsel had made Dr. Kostuik available for an additional two and one-half hours, some of which was during a time Dr. Bennett’s counsel had on one occasion indicated that she would be available. Although Dr. Bennett’s counsel advised the court at the hearing on June 2 that she could not depose Dr. Kostuik during this addi *176 tional period of time, we do not know whether the schedule of either Dr. Bennett’s counsel or Dr. Kostuik would have again changed between June 2 and the close of business on June 4.
Considering these facts, we conclude that the trial court abused its discretion because it deprived Walsh of time, in this case two days, in which to comply with the court’s order and to provide Dr. Bennett with the opportunity to “adequately depose” Dr. Kostuik. The court prematurely imposed a sanction pursuant to Rule 4:12(b)[7] because Walsh had not yet failed to obey the terms of the court’s prior discovery order. See Rule 4:12(b)(2)(“[i]f a party . . . fails to obey an order to provide . . . discovery, ... the court . . . may make such orders in regard to the failure as are just”.)
The trial court’s action before the June 4 deadline also “short circuited” the legal process. We have often warned of the dangers of “short circuiting” litigation because in doing so, a trial court “deprives] a litigant of his day in court and deprives] this Court of an opportunity to review a [more] thoroughly developed record on appeal.” Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. Partnership, 253 Va. 93, 95, 480 S.E.2d 471, 472 (1997) (citing CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993); Renner v. Stafford, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993); Carson v. LeBlanc, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993)). In this case, the trial court unnecessarily cut short the remaining time before the June 4 deadline for counsel to schedule Dr. Kostuik’s deposition and, in doing so, may have prevented this case from proceeding to trial, thus depriving Walsh of his day in court.[8]
For these reasons, we will reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

 Walsh initially filed this case in 1997 but later nonsuited it. After he re-filed his case, the trial court sustained defendants’ demurrers, and Walsh then filed the amended motion for judgment.

 The trial court subsequently dismissed all the defendants except Dr. Bennett.

 In that supplemental designation, Walsh also stated that he expected to call his treating physicians as witnesses.

 In his written request, Walsh stated that Dr. Kostuik was available for deposition only on June 11, 1999.

 Walsh’s counsel represented that he had previously informed Dr. Bennett’s counsel that Dr. Kostuik was also available to be deposed from 10:00 a.m. until 12:30 p.m. on June 4. However, Dr. Bennett’s counsel denied having received that information.

 In his last motion to strike, Dr. Bennett claimed that the court had previously ruled that Dr. Kostuik must be made available for a minimum of three hours for a deposition. However, no statement to that effect appears in any of the court’s orders.

 The trial court’s order does not explicitly reference Rule 4:12.

 The statements of Walsh’s counsel at the June 2 hearing that the trial court could “go ahead and dismiss the case” did not justify the trial court’s “short circuiting” of the process. Neither did the statements constitute “invited error” under the doctrine enunciated by this Court, most recently in Moore v. Hinkle, 259 Va. 479, 491, 527 S.E.2d 419, 426 (2000).