## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert L. Cain

v.

Thomas Lacey

July 21, 2000

Case No. LF-2990-4

BY JUDGE RANDALL G. JOHNSON

The court has read the submissions in support of and in opposition to defendant's motion for summary judgment. The motion will be granted.

It is true, as Mr. Cain argues, that expert testimony is not always required in medical malpractice cases. *Beverly Enterprises v. Nichols*, 247 Va. 264, 267-68, 441 S.E.2d 1 (1994); *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880 (1997). Where, for example, a surgeon amputates the wrong limb or leaves a non-therapeutic foreign object in a patient during surgery, it does not take an expert to inform the jury that the surgeon was negligent. Such cases, however, are rare. In fact, in *Beverly, supra*, the Court said:

> [I]n most cases, expert testimony is required to assist the jury. Expert testimony is ordinarily necessary to establish the appropriate standard of care, a deviation from that standard, and that such deviation was the proximate cause of damages.

247 Va. at 267.

The court then acknowledged that "in certain *rare* instances . . . expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience. *Id.* (emphasis added).

Similarly, in *Dickerson, supra,* while acknowledging that there are "rare" cases in which expert testimony is not required, the Court said that expert testimony *is* required "in almost all cases." 253 Va. 324. It is required here.

This is not a case in which a doctor amputated the wrong limb or left a non-therapeutic foreign object in a patient. It is plaintiff's allegation that defendant was negligent in removing a piece of glass from plaintiff's eye. It will be impossible for plaintiff to prove to a jury what the appropriate standard of care for a doctor is in the Commonwealth for removing glass from a patient's eye, whether defendant breached that standard of care, or whether it was defendant's breach that caused injury to the plaintiff unless plaintiff has an expert witness. Neither the plaintiff, the court, nor any lay member of the jury will possess sufficient knowledge to determine any of those things. Indeed, plaintiff claims that as a result of the doctor's negligence, he has suffered injury to his "muscle and vision system." Without an expert, plaintiff cannot prove that such injury, if any, would not have resulted even if the glass had been removed without negligence if, in fact, there was negligence. Simply put, this is not one of those "rare" cases referred to in *Beverly Enterprises* and *Dickerson.* Since plaintiff did not designate an expert within the time allotted in the pretrial order, the motion for summary judgment will be granted. *Compare Walsh v. Bennett,* 260 Va. 171 (2000), in which the court held that it was error to dismiss a case because of the failure to make an expert available for a deposition where the dismissal was entered before the deadline previously set by the court for such deposition.