COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Senior Judge Annunziata
Argued at Alexandria, Virginia


DIANE SPREADBURY

                                                         MEMORANDUM OPINION[*] BY
v.        Record No. 1053-09-4                   JUDGE ROSSIE D. ALSTON, JR.
                                                              APRIL 20, 2010
PETER E. SPREADBURY


                   FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                                Jeffrey W. Parker, Judge

              James Ray Cottrell (John K. Cottrell; Kyle F. Bartol; Cottrell,
              Fletcher, Schinstock, Bartol & Cottrell, P.C., on briefs), for
              appellant.

              Julia S. Savage (Walker Jones, PC, on brief), for appellee.


       Diane Spreadbury (wife) appeals from a final decree of divorce (final decree), terminating

the marriage between wife and Peter E. Spreadbury (husband).  Wife argues the trial court erred in

several respects.  First, wife contends the trial court erred in granting and refusing to lift or modify a

sanctions order that prohibited wife from presenting evidence at trial.  Second, wife contends the

trial court erred in adjudicating the parties' real property, which wife argues is subject to unresolved

third-party ownership claims.  Third, wife contends the trial court erred in granting husband half of

the rental income received by wife during the parties' separation.  Fourth, wife contends the trial

court erred in classifying and awarding to husband certain property as his separate property.  Fifth,

wife contends the trial court erred in granting husband's motion *in limine*, which barred wife from

presenting evidence of her separate property at trial.  Sixth, wife contends the trial court erred in

refusing to award spousal support.  Seventh, wife contends the trial court erred in awarding husband

              [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

$75,000 in attorney's fees. Eighth, wife contends the trial court erred by making an unequal distribution of the marital estate. Finally, wife seeks recovery of her attorney's fees on appeal. For the reasons that follow, we affirm the trial court's decision as to each of the above issues and deny wife's request for attorney's fees.

## I. BACKGROUND[1]

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citations omitted). "That principle requires us to 'discard the evidence' of the appellant which conflicts . . . with the evidence presented by the [prevailing party] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). Thus, a trial court's judgment will not be disturbed on appeal unless plainly wrong or without evidence to support it. Jennings v. Jennings, 12 Va. App. 1187, 1189, 409 S.E.2d 8, 10 (1991).

So viewed, the evidence established that the parties married in Connecticut in 1985, it being each party's second marriage. During the marriage, the parties established several trusts. In 1986, the parties established the Peter E. Spreadbury and Diane C. Spreadbury trust (Spreadbury I Trust), a revocable trust, of which the beneficiaries are the parties themselves. In 1990, the parties established an irrevocable family trust (Spreadbury II Trust), the beneficiaries of which are the parties and their children from previous marriages. When the parties created the Spreadbury II Trust, they also established the Spreadbury Realty Trust (Spreadbury Realty Trust), the beneficiary of which is the Spreadbury II Trust.

---

[1] The record and procedural history of this case can best be described as convoluted. However, as the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

In 1990, the Spreadbury II Trust purchased property (Westbury Farm) in Fauquier County, Virginia. Husband and wife contributed $1,260,688, representing 88.16% of the purchase price. The parties' children contributed $169,312, representing the remaining 11.84% of the purchase price. Westbury Farm was titled to the Spreadbury Realty Trust. Soon thereafter, the parties renovated Westbury Farm, using the proceeds, at least in part, from the sale of husband's Smith Barney stock worth $1,875,866. In 1999, the Spreadbury II Trust conveyed Westbury Farm to the Spreadbury I Trust in exchange for a $340,000 promissory note. The deed conveying the property to the Spreadbury I Trust was executed in 2003.

In 1999, the parties built a house on Westbury Farm (the marital home) using the proceeds from the sale of their Connecticut home. In 2003, the parties refinanced Westbury Farm in order to purchase two adjacent rental homes (Goose Creek Properties). In 2004, husband created Westbury Group, LLC, (Westbury Group) using $100,000 from the refinancing. At the time of the parties' separation, Westbury Group was not licensed to do business.

On March 28, 2004, the parties separated. Wife continued to live in and maintain the marital home and Westbury Farm. She also collected rental income from the Goose Creek Properties during the time of separation. On May 21, 2004, wife filed for divorce. On February 16, 2005, husband filed a cross-bill for divorce.

On December 8, 2005, the trial court, determining *pendente lite* spousal support, entered an award, imputing income of $8,400 per month to wife based solely on rental income she received from the Goose Creek Properties. Ultimately, the trial court ordered husband to pay $3,000 per month toward the mortgage on the marital home and $350 per month in spousal support for wife.

On September 4, 2007, husband propounded requests for discovery on wife, to which wife failed to respond. On October 26, 2007, husband filed a motion to compel wife's responses

to discovery. The trial court orally ruled that wife was compelled to respond by November 20, 2007; however, no order reflecting the trial court's oral ruling was ever entered. Instead, on November 29, 2007, the parties notified the trial court that they had reached a settlement and the case should be removed from the trial court's docket. However, on January 15, 2008, husband filed several motions in the trial court, asking the court to compel settlement, or in the alternative, to schedule a trial date, compel discovery responses, and award his attorney's fees.

On April 15, 2008, the trial court ordered wife to respond to husband's interrogatory requests. However, wife did not respond to any of husband's discovery requests. On May 8, 2008, the trial court awarded husband sanctions against wife, barring her from: (1) opposing the claims or defenses of husband; (2) introducing any evidence to support any claims she made or intended to make against husband which were the subject of discovery requests; or (3) introducing any matters into evidence which were the subject of discovery requests. The trial court subsequently denied wife's motion to modify or lift the sanctions order. The court also continued the trial date set for June 18, 2008 to July 24, 2008.

On June 23, 2008, the parties' children filed a motion to intervene in the divorce action, arguing they held equitable title to Westbury Farm.[2] The trial court denied the motion to intervene, noting that because the children were not parties to the divorce action, any issues regarding the trusts could be taken up in separate litigation and would not be precluded by equitable distribution made during the divorce.

On July 21, 2008, before trial, wife filed for bankruptcy, thus automatically staying the divorce proceedings. The bankruptcy court awarded husband a modification of the automatic

---

[2] At the time of trial, the parties were defendants in a suit brought by their children in Connecticut to determine the validity of the transaction conveying Westbury Farm from the Spreadbury II Trust to the Spreadbury I Trust.

stay, allowing the divorce and equitable distribution to proceed, subject to the following

provision:

> The order of May 8, 2008, imposing discovery sanctions shall not
> be construed or enforced so as to bar the debtor, in her capacity as
> debtor in possession, from asserting claims and defenses that a
> chapter 11 trustee could assert on behalf of the bankruptcy estate,
> including, but not limited to, claims under 11 U.S.C. § 544(a).

In response to the bankruptcy court's order, husband filed a motion *in limine*, requesting

the trial court find that the bankruptcy court's order did not lift the sanctions order in its entirety.

Instead, husband argued, wife should be awarded at least $690,939.58, an amount sufficient to

pay her unsecured creditors, as listed on her bankruptcy schedules. Further, husband argued,

wife's evidence of separate personal property should be limited to that which she included on her

bankruptcy schedules. The trial court granted husband's motion *in limine*, barring wife from

presenting evidence of her separate property other than $3,750 in assets listed on her bankruptcy

schedules. Further, the trial court prohibited wife from arguing or introducing any evidence that

property belonged to third parties, consistent with the information she provided to the bankruptcy

court.

At trial, the court asked wife if she could present any evidence that fell outside the scope

of the sanctions order. However, wife's counsel noted that the sanctions order and the motion *in

limine* foreclosed any relevant evidence she would otherwise present. Thus, wife

cross-examined husband's witnesses but presented little evidence of her own.

On February 20, 2009, the trial court issued a letter opinion (letter opinion), copiously

outlining its equitable distribution award. The trial court found Westbury Farm was placed into a

revocable, *inter vivos* trust, and therefore the property was subject to equitable distribution. The

court then classified Westbury Farm as marital property and after considering the statutory

factors provided in Code § 20-107.3(E), the court awarded 65% of the interest in Westbury Farm

- 5 -

to husband and 35% to wife. Specifically, the court noted that husband made a significant contribution toward the purchase of the marital home, he was the sole income producer during the marriage, and "no evidence was submitted by the [w]ife regarding any monetary or non-monetary contribution on her behalf." The trial court also noted that while husband may have contributed a substantial sum to purchase Westbury Farm, he did not satisfy his burden of proof in tracing the assets from the sale of his Smith Barney stock to the purchase of Westbury Farm.

The trial court further found Westbury Group was husband's separate property acquired after the parties' separation, and awarded Westbury Group to husband in its entirety. The court classified the rental income from the Goose Creek Properties, acquired during the parties' separation, as marital income. The court then evenly divided all the marital property, with the exception of Westbury Farm. Based on these findings, the court noted that the assets awarded to wife would be more than sufficient to pay wife's unsecured creditors. The court declined to award spousal support as "[n]o evidence was received regarding the need for spousal support." Finally, the court awarded husband $75,000 in attorney's fees "due in large part to the dilatory and abusive procedural actions of the [w]ife causing unnecessary delay and expense in resolving these matters."

On April 16, 2009, the trial court entered a final decree incorporating its letter opinion. The final decree included a provision reserving the wife's right to receive spousal support upon a showing of a change in circumstances. Wife noted her objections and timely filed this appeal.

## II. ANALYSIS

### 1. Sanctions Order

On appeal, wife argues the trial court erred in granting and refusing to lift or modify the sanctions order, prohibiting her from (1) opposing the claims or defenses of husband;

(2) introducing any evidence to support any claims she made or intended to make against husband which were the subject of discovery requests; or (3) introducing any matters into evidence which were the subject of discovery requests. Specifically, wife argues the trial court abused its discretion in entering a "blanket" sanctions award which, as she contends, was outside the scope permitted by Rule 4:12(b).

"On appeal, we accord deference to a trial court's decision regarding discovery disputes and will set aside that decision only if the court abused its discretion." Am. Safety Cas. Ins. v. C.G. Mitchell Constr., 268 Va. 340, 351, 601 S.E.2d 633, 639 (2004) (citing Walsh v. Bennett, 260 Va. 171, 175, 530 S.E.2d 904, 907 (2000)). "Rule 4:12 governs the imposition of sanctions for 'failure to make discovery.' This rule permits circuit courts to strike a party's claims or defenses for failure to comply with a discovery order." Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993). When a party fails to respond to discovery requests, Rule 4:12(b)(2)(B) permits the court to enter "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters into evidence."

Wife's principal contention is that the sanctions order is facially overbroad because it prohibits wife from opposing *any* claims or defenses of husband, even those he might raise for the first time at trial. However, the record does not support wife's argument that she was in fact barred from presenting evidence that was not subject to discovery requests. As a matter of fact, the record in this matter shows the contrary. At trial, the court asked wife's counsel,

> Well, if you believe that some of what you're propounding is outside what was asked in the discovery request and the interrogatories . . . then I think that's an issue I'll have to take up, and I can then look at [husband's] interrogatories, or requests for production, and see if there's a gap.

Wife's counsel did not direct the court to any evidence that would fall outside the scope of the requested discovery. "'The burden is upon the appellant to provide us with a record that substantiates the claim of error.'" Robinson v. Robinson, 50 Va. App. 189, 197, 348 S.E.2d 314, 317 (2007) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted)). Thus, wife's claim that the sanctions order is facially overbroad is at best speculative as this claim merely suggests that the sanctions order *could* have barred her from presenting evidence in opposition to new claims or defenses raised by husband.[3]

Wife further contends the sanctions order is overly broad because it encompasses both her failure to respond to husband's interrogatories and his requests for production; however, wife argues the court's previous order compelling discovery only ordered wife to respond to interrogatories.

A party's failure to obey an order of the court is a prerequisite for the imposition of sanctions under Rule 4:12(b)(2). Brown v. Black, 260 Va. 305, 310, 534 S.E.2d 727, 729 (2000). However, "Rule 4:12(d) expressly authorizes the court to strike a party's claims or defenses for failure to timely serve answers to interrogatories. This rule 'gives the trial court broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery.'" Jeff Coal, 16 Va. App. at 278, 430 S.E.2d at 717 (quoting Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990)). "The court has available and should exercise adequate sanctions to deal with the reluctant or recalcitrant party or

---

[3] This Court previously upheld a sanctions order containing substantially similar language. In Nolting v. Nolting, Record No. 0174-04-4 (Va. Ct. App. July 13, 2004), the Court summarily affirmed the trial court's entry of a sanctions order which "broadly prohibits husband from challenging wife's claims or raising any claims on his behalf," recognizing the broad discretion of the trial court to determine appropriate discovery sanctions. While we recognize that "[u]npublished memorandum opinions of this Court are not to be cited or relied upon as precedent," Grejales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987), Nolting demonstrates that the language of a discovery sanctions order need not always be narrowly tailored.

witness who fails or refuses to disclose relevant evidence." Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987).

Husband first propounded discovery requests on wife on September 4, 2007. After wife failed to provide any answers to discovery, the trial court ordered wife to respond by November 20, 2007. Neither party contests the trial court's oral ruling. In fact, the record shows wife's counsel indicated that because of a perceived settlement between the parties, "it will not be necessary for my client to forward the discovery response . . . *pursuant to the Pretrial Order*." When the parties' attempts at settlement failed, husband again sought discovery from wife, and wife again failed to respond. On April 15, 2008, the trial court entered an order compelling wife to respond to interrogatories, and she again failed to provide any response. It was not until May 8, 2008, nearly four years after the complaint for divorce was filed, that the trial court entered its sanctions order. Unlike Brown, 260 Va. at 310, 534 S.E.2d at 729, wherein the trial court erroneously dismissed plaintiff's complaint before entering *any* order compelling discovery, the trial court in the instant case provided an oral ruling compelling wife's responses to interrogatories and requests for production, which neither party contests, and a written order compelling responses to interrogatories. Under the circumstances and given the broad discretion afforded to the trial court to settle discovery disputes, we cannot say the trial court abused its discretion in concluding this sanctions order was appropriate.

## 2. Marital Home

Next, wife argues the trial court erred when it included Westbury Farm in the equitable distribution determination because, wife contends, the property was subject to unresolved third-party ownership claims. Wife argues Westbury Farm was owned by a trust and therefore not marital property subject to division by the court.

- 9 -

"Upon decreeing the dissolution of marriage, . . . the court, upon request of either party, shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties." Code § 20-107.3(A). Marital property is, *inter alia*, "all property titled in the names of both parties, whether as joint tenants, tenants by the entirety or otherwise" and all "property acquired by each party during the marriage which is not separate property." Code § 20-107.3(A)(2).

The trial court found Westbury Farm was marital property as it was held in a revocable, *inter vivos* trust. That determination is supported by the evidence, as husband introduced a deed conveying Westbury Farm from the Spreadbury Realty Trust to the Spreadbury I Trust on November 19, 2003, secured by a promissory note for $340,000. Husband also introduced into evidence the Spreadbury I Trust agreement, indicating that it was a revocable trust.

In a revocable trust, no legal interest exists in anyone except that of the settlors. Code § 55-546.03. "While a trust is revocable, rights of the beneficiaries are subject to the control of, and the duties of the trustees are owed exclusively to, the settlor." Id. "[T]he retention of the right to revoke the trust by each spouse supports the conclusion that neither had the requisite donative intent to transform marital property into separate . . . ." Kelln v. Kelln, 30 Va. App. 113, 127, 515 S.E.2d 789, 796 (1999). "[B]ecause the grantor spouse expressly reserved the power to revoke the trust, [the property is] owned by the grantor and thus, subject to equitable distribution as marital property." Id. at 128, 515 S.E.2d at 796 (citing Lynch v. Lynch, 522 A.2d 234, 235 (Vt. 1987)).

The evidence presented by husband supported the trial court's determination that Westbury Farm was held in a revocable trust. Thus, under Kelln, the parties' retention of the right to revoke the trust supports the conclusion that the property remained marital and subject to

equitable distribution. Accordingly, the trial court did not err in dividing the parties' interest in Westbury Farm.

### 3. Rental Income

Wife further argues the trial court erred when it granted husband half the rental income from the Goose Creek Properties. The trial court considered the rental amounts wife's income for purposes of the *pendente lite* award. Thus, wife contends, the trial court erred by retroactively nullifying her support award.

Under Code § 20-103(A), at any time pending a suit for divorce and in the discretion of the trial court, the court has authority "to compel a spouse to pay any sums necessary for the maintenance and support of the [other] spouse." "[C]ourt-ordered support becomes vested when it accrues." Smith v. Smith, 4 Va. App. 148, 152, 354 S.E.2d 816, 818 (1987) (citing Cofer v. Cofer, 205 Va. 834, 839, 140 S.E.2d 663, 666 (1965)). However, "[a]n order entered pursuant to [Code § 20-103] shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause." Code § 20-103(E). Given this statutory framework, it's clear the trial court could not retroactively nullify the amount of support awarded to wife under the *pendente lite* award; but under Code § 20-103(E), the court was under no obligation to use the same calculations or award the same amount of support in the final decree.

The trial court found the rental income from the Goose Creek Properties was acquired during the marriage and thus, was marital property. See Code § 20-107.3(A)(2). Neither party contests this finding. Based on the parties' marital interest in this income, the court had the authority to grant a monetary award to husband. See Code § 20-107.3(D). The *pendente lite* award had no presumptive effect on the amount awarded in equitable distribution. Code § 20-103(E). Accordingly, the trial court did not err in granting husband half of the rental income acquired by wife during the period of separation.

4. Westbury Group

Next, wife argues the trial court erred in classifying Westbury Group as husband's separate property. Wife argues the evidence presented to the trial court showed Westbury Group was acquired during the marriage through the use of marital funds, thus, the trial court erred in finding it was separate property.

"[T]he trial court's classification of property is a finding of fact, [and] that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citations omitted). "Classification of property as marital or separate is a factual issue that is determined by whether the property was acquired before or during the marriage." Gamer v. Gamer, 16 Va. App. 335, 345, 429 S.E.2d 618, 625 (1993). "[P]roperty acquired during marriage is presumed to be marital." Id. (citing Code § 20-107.3(A)(1)-(2)).

The uncontested evidence at trial was that Westbury Group was acquired during the marriage using $100,000 from the refinancing of the parties' home. Thus, the property was presumptively marital and husband presented no evidence to rebut this presumption. Wife is correct that the trial court erred in failing to classify the property as marital. This, however, does not end the inquiry.

Even if the trial court erred in its "classification" of the property, "Code § 20-107.3 requires that the party claiming entitlement to a monetary award for marital property present evidence from which the court can classify *and* value the property." Id. at 346, 429 S.E.2d at 626 (citing Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986)). The court does not "err by failing to include as part of the monetary award an amount based on the value of [an item if] its value was not proven." Id. If the value of the marital property is zero, there can be no division of that asset. Hodges, 2 Va. App. at 515, 347 S.E.2d at 138.

The evidence at trial showed that at the time of the parties' separation, Westbury Group was not licensed to do business and was operating at a loss. Critical to the analysis of this issue is the fact that wife presented no evidence of the *value* of Westbury Group. Effectively confronted with the value of this piece of marital property as zero, the trial court could not divide this asset. Accordingly, the trial court did not err in failing to include the value of Westbury Group in a monetary award because its value was not proven.[4]

### 5. Motion *in limine*

Wife argues the trial court erred when it granted husband's motion *in limine*, barring her from presenting any evidence other than what was listed on her bankruptcy schedules. Specifically, wife contends that husband *could have* used wife's bankruptcy schedules to impeach her testimony, but that the trial court erred in preemptively barring evidence of her separate property or property owned by third parties that she did not list on her bankruptcy schedules.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Rice v. Rice, 49 Va. App. 192, 206, 638 S.E.2d 702, 709 (2006) (quoting James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994)); accord Piatt v. Piatt, 27 Va. App. 426, 435, 499 S.E.2d 567, 571 (1998).

The discovery sanctions order entered against wife prohibited her from presenting evidence to dispute any claims or defenses raised by husband and any matters that were subject to discovery requests. Thus, the sanctions order prevented wife from presenting evidence of her

---

[4] Husband also argues that he filed a motion for alternate valuation date, requesting the trial court value Westbury Group at the time of separation, rather than the time of trial. As wife presented no evidence as to the value of the business either at the time of separation or trial, and there is no indication the trial court considered or granted husband's motion for alternate valuation, we do not consider it on appeal.

separate property or property owned by third parties. The bankruptcy court's order modified the sanctions order, stating, "[the sanctions] order shall not be construed or enforced so as to bar the debtor, *in her capacity as debtor in possession*, from asserting claims and defenses that a chapter 11 trustee could assert on behalf of the bankruptcy estate." (Emphasis added). By its own terms, the bankruptcy court's order only modified the sanctions order to allow wife to present evidence of the property she sought to protect *in bankruptcy*. Accordingly, the court did not err in limiting wife's evidence to the property she listed on her bankruptcy schedules.

Further, "'[t]he burden is upon the appellant to provide us with a record that substantiates the claim of error.'" Robinson, 50 Va. App. at 197, 348 S.E.2d at 317 (quoting Jenkins, 12 Va. App. at 1185, 409 S.E.2d at 20 (citation omitted)). Wife argues that the trial court *might not* have found the bankruptcy schedules persuasive in light of her testimony regarding separate property and property owned by third parties. However, the record contains no proffer of evidence upon which we can conclude the trial court improperly excluded any specific evidence wife intended to introduce. Moreover, the fact that husband *could have* used wife's bankruptcy schedules to impeach her testimony is of no moment. Accordingly, the trial court did not err in granting the motion *in limine*.

### 6. Spousal Support

Next, wife argues the trial court erred in failing to award spousal support. Wife argues her need was inherent based on the fact that she filed for bankruptcy. She further argues husband had the ability to pay spousal support. Thus, wife argues it was an "absolute abuse of discretion" for the trial court to decline to award spousal support.

Spousal support decisions "'rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'" Sargent v. Sargent, 20 Va. App. 694, 703, 460 S.E.2d 596, 600 (1995) (quoting Calvert v. Calvert, 18

- 14 -

Va. App. 781, 784, 447 S.E.2d 875, 876 (1994)).  "[U]pon the entry of a decree providing . . . for a divorce, . . . the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses."  Code § 20-107.1(A).  "Code § 20-107.1 directs the court, in determining support and maintenance for a spouse, to consider nine factors, including the duration of the marriage and the provisions made with regard to the marital property under Code § 20-107.3."  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985).  Code § 20-107.1(E) further directs the court to consider, *inter alia*, the obligations, needs, and financial resources of the parties, the standard of living established during the marriage, and the age and physical and mental health of the parties.  "[T]he court may reserve the right of a party to receive support in the future."  Code § 20-107.1(D).

The trial court specifically found that wife presented no evidence of her need for spousal support.  Further, the trial court noted that while the standard of living was high during the marriage, it had declined just before the time of separation.  Finally, the trial court observed that both parties were in their sixties, husband's health was declining, and both parties were awarded a substantial sum in equitable distribution.  From this record, and most critical given the fact that wife failed to present evidence of her need for support through discovery responses or at trial, the court was within its discretion to decline to award spousal support and, instead, reserve wife's right to spousal support upon a showing of a change in circumstances.

### 7.  Attorney's Fees

Wife further argues the trial court erred in ordering her to pay $75,000 for husband's attorney's fees because, as she contends, the trial court did not consider the reasonableness of those fees, nor was there evidence to support the basis of the trial court's award.

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'"  Kane v. Szymczak, 41

Va. App. 365, 375, 585 S.E.2d 349, 354 (2002) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)). "The key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis, 1 Va. App. at 277, 338 S.E.2d at 162. "An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case." Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987) (citing Rowand v. Rowand, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974)).

Husband presented evidence, without objection, that his attorney's fees and expenses totaled $255,185. The trial court awarded husband $75,000 for "the dilatory and abusive procedural actions of the wife causing unnecessary delay and expense in resolving these matters." As discussed above, wife continually failed to respond to discovery requests. Further, wife requested several continuances that, in part, led to the four-year delay in bringing the case to trial. Wife notified the court that the case had settled, although no settlement was ever reached by the parties. Finally, because of wife's failure to respond to discovery and the imposition of the sanctions order against her, husband was obligated to provide all the evidence of valuation on which the court relied. Considering the circumstances and equities of the entire case, the trial court did not abuse its discretion in ordering wife to pay a portion of husband's attorney's fees.

### 8. Equitable Distribution

Finally, wife argues the trial court erred when it made an unequal distribution of the marital estate. Specifically, wife argues that the basis of the trial court's unequal distribution was its finding that wife made no monetary or non-monetary contributions to the marriage. The evidence, wife argues, did not support this finding.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to

- 16 -

support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "'Virginia law does not establish a presumption of equal distribution of marital assets. It is within the discretion of the court to make an equal division or to make a substantially disparate division of assets as the factors outlined in Code § 20-107.3(E) require.'" Rinaldi v. Rinaldi, 53 Va. App. 61, 76, 669 S.E.2d 359, 366 (2008) (quoting Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998)). "'A circuit court, therefore, need not start off at the 50-yard line and then look to the discretionary factors of Code § 20-107.3(E) to move the ball marker up or down the sidelines.'" Id. (quoting Robbins v. Robbins, 48 Va. App. 466, 480, 632 S.E.2d 615, 622 (2006)). "Although the trial court must consider all factors set out in Code § 20-107.3(E), it 'need not quantify or elaborate exactly what weight was given to each of the factors' as long as its 'findings . . . [are] based upon credible evidence.'" Id. (quoting Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988)).

The trial court had sufficient evidence to support an unequal division of the equity in the marital residence. The trial court found that husband was the sole income producer and "husband made a significant and disproportionate contribution of his assets to purchase the marital residence." While husband did not sufficiently prove that the proceeds from the sale of his Smith Barney stock were not commingled, the court noted that husband did submit evidence of his $1,875,866 contribution. "[T]he source of funds is a factor that the court should consider in making an equitable distribution award. The source of funds is a particularly significant factor where funds have been transmuted." Srinivasan, 10 Va. App. at 732, 396 S.E.2d at 678.

Wife's principal contention is that the trial court improperly found that she made no monetary or non-monetary contribution to the marriage. Once again, based upon the record before us and because wife presented no evidence at trial on this issue, the court did not err in

finding that she did not prove her contribution to the marriage.[5]  Accordingly, the trial court did not abuse its discretion in awarding 65% of the interest in Westbury Farm to husband.

### 9.  Wife's Request for Attorney's Fees

Wife requests an award of her attorney's fees on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

While this litigation "addressed appropriate and substantial issues," we ultimately conclude the trial court did not err in its findings.  See Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004).  Thus, we deny wife's request for an award of attorney's fees and costs incurred on appeal.

### III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's decision in its entirety.  Wife's request for attorney's fees is denied.

<u>Affirmed.</u>

---

[5] The trial court's letter opinion states, "Admittedly, this would have been difficult considering the Sanctions Order."  While that may be true, it does not alter the fact that wife provided no proof of her contribution to the marriage upon which the trial court could rely in making its equitable distribution award.