COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, AtLee and Chaney
Argued by videoconference


BAHRIDDIN KODIROVICH BOBOCHOLOV

                                              MEMORANDUM OPINION* BY
v.        Record No. 0542-23-4                JUDGE VERNIDA R. CHANEY
                                                   AUGUST 27, 2024
BAKHTIGUL FARMONOVNA TURAEVA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Stephen C. Shannon, Judge

        Beth A. Bittel (Bittel & Anthony, P.C., on briefs), for appellant.

        David L. Ginsberg (Alexandra B. Brumfield; Cooper Ginsberg Gray,
        PLLC, on brief), for appellee.


        The trial court awarded Bakhtigul Farmonovna Turaeva (wife) a divorce from Bahriddin

Kodirovich Bobocholov (husband) for desertion.  Husband argues that the evidence does not

support wife's $5,500 monthly spousal support award for an indefinite period.  He also asserts that

the trial court abused its discretion by awarding wife attorney fees.  Finding no error, this Court

affirms the trial court's judgment.

                                    BACKGROUND

        "When reviewing a trial court's decision on appeal, [this Court] view[s] the evidence in

the light most favorable to the prevailing party"—here, wife—"granting [her] the benefit of any

reasonable inferences."  *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v.

Congdon*, 40 Va. App. 255, 258 (2003)).  The parties married in 2012 and have two school-age

children, the younger of whom has Down Syndrome and is nonverbal.  Husband operated a

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

business and was the family's sole source of income. Wife withdrew from college after their first child was born and devoted herself exclusively to the care of the family. The couple enjoyed a high standard of living during the marriage: they traveled and dined out often, and wife purchased luxury items without limits on her discretionary spending.

Husband suffered a stroke in 2016, incapacitating him for six months. In April 2017, wife's sister, Nodira Turaeva (Nodira), lived with the couple and worked with husband teaching computer programming. Nodira testified that her sister could not attend school or work because the couple's younger child required constant supervision.

In early 2018, husband obtained a green card through the marriage. In May 2018, he announced that he wanted to marry a second woman. But he did not want to divorce his wife until he attained full citizenship. When wife refused to live in a polygamous lifestyle, husband left her and married a second woman in a religious ceremony. Husband then had a child with his second wife.

Wife's family then loaned her money and provided her housing so she could return to school. She obtained an IT certificate and began working remotely in 2019.

In April 2022, husband filed for divorce on the grounds that the parties had lived separate and apart for more than one year. Wife counterclaimed for divorce on the grounds of desertion. Husband did not comply with discovery or obey a court order compelling his responses. Accordingly, the trial court dismissed his complaint and barred him from introducing evidence at the equitable distribution hearing under Rule 4:12(b)(2).

At the equitable distribution hearing, wife's evidence demonstrated that her monthly expenses, including her legal expenses, exceeded her income by $5,441. Since the couple's separation, she had accumulated debt exceeding $35,000. Wife testified that she expected her expenses to go up in the future. Wife testified that husband made "really good money" during

the marriage: he owned (1) a consulting IT business, (2) a trucking business named Paramount Express, and (3) Select Marble and Granite Company, which he had started with money from wife's mother. State Corporation Commission records confirmed that, between 2019 and 2022, husband had financial relationships with several companies.

Although husband had not supplied financial information to wife during discovery and she had no access to his accounts during the marriage, she obtained statements for some of his personal and business bank accounts through a private investigator and subpoenas. The business accounts were in the names of Select Marble and Granite Company; Paramount Express Transport, LLC; Consulting & IT, LLC; Humanscale Canada Corporation; Vatandosh, Inc.; and RLoad, Inc. Wife submitted a tally showing that the total annual deposits to the personal and business accounts in 2020, 2021, and 2022 were $4,914,453.57, $8,849,322.98, and $3,404,502.46, respectively.

Monthly statements from husband's personal checking accounts reflected that he spent extravagantly in 2020, 2021, and 2022. He traveled to Dubai, Istanbul, Madina, Orlando, Miami, San Diego, and Beverly Hills. He bought a Lexus and spent thousands of dollars on furniture, jewelry, and designer apparel. His average monthly spending was approximately $54,000 between May 2020 and December 2020, approximately $57,000 between January 2021 and December 2021, and approximately $26,855 between January 2022 and September 2022.

At the conclusion of the evidence, wife argued that the bank statements reflected husband's annual income and suggested that "there are additional assets out there that have not been disclosed or found." Wife also pointed out that husband provided no financial support to the family from March 2018 until March 2019, when an order compelled him to provide child support. Although the child support award assumed that husband's monthly income was $5,000, wife emphasized that she was not represented by counsel in that proceeding. Stressing that she had no assets, she asked the trial court to award her $5,500 in spousal support for an indefinite period.

Husband responded that his bank accounts did not reflect his financial assets accurately because they were business accounts. In truth, husband argued, he was in substantial debt and his accounts were frozen. He also asserted that he had been unable to operate his business since June 2022. The trial court rejected his arguments because he had presented no evidence to support them.

After reviewing the evidence, the trial court granted wife a divorce for desertion, finding that husband left the marriage and fathered a child with another woman. The court found the only marital property was a $5,133 tax refund from 2017 and awarded wife approximately half of it. Regarding "other factors" influencing a "fair and equitable monetary award," the trial court found that husband had "obstructed the discovery process" by failing to provide documents, making it "difficult" for the trial court to determine the marital assets. The trial court found that the "tally" of accounts presented by wife constituted husband's separate property, but he had "other assets."

In determining spousal support, the trial court confirmed that it had considered all the factors in Code § 20-107.1(E). The trial court set forth the following findings:

- The parties enjoyed a high standard of living during their five-year, seven-month marriage, as demonstrated by their travel and spending habits.

- Other than husband's stroke in 2016, there was little evidence of the parties' age, physical, and mental condition.

- Wife was the sole caretaker of the couple's two children, one of whom has Down Syndrome, which required wife to work from home and limited her earning potential.

- Wife had earned $110,000 in 2022 and that husband had earned several million dollars annually between 2020 and 2022, as reflected in wife's summary of husband's personal and business bank deposits.

The trial court thus awarded wife $5,500 spousal support per month for an undefined duration. It also ordered husband to pay wife's attorney fees and costs totaling $48,130, payable in

monthly installments of $4,000.  Husband asserted that the court's judgment was not based on his actual income.  In a motion to reconsider, he argued that wife's financial needs were "significantly less than $5,500 per month."  The trial court denied the motion without a hearing.  This appeal follows.

ANALYSIS

I.  Spousal Support

Husband asserts that the trial court abused its discretion by awarding wife $5,500 a month for an indefinite duration because the evidence did not support the award amount.  He argues that:

- Insufficient evidence established that the couple "enjoyed a high standard of living during the marriage."

- The bank deposits admitted at trial did not prove that his annual income from 2020 through 2022 was several million dollars, especially when some deposits consisted of COVID relief funds.[1]  Husband emphasizes that the trial court had previously found his monthly income was $5,500 when it calculated his child support obligation.

- Wife's income and expense statement did not demonstrate she needed $5,500 in spousal support because she listed $2,400 in monthly legal expenses on the statement, despite seeking a separate recovery of legal fees and costs from him.

- The trial court failed to consider wife's young age and speculated when it found that caring for the younger child with Down Syndrome would limit wife's earning capacity indefinitely.

"When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed

---

[1] Husband also contests the trial court's reliance on deposits to business accounts to ascertain his income because the evidence did not demonstrate he possessed the sole or controlling interest in those businesses.  Husband failed to raise this argument below and in fact conceded that those accounts were under his control in his objections to the final order.  Husband accordingly failed to preserve this argument for appeal.  Rule 5A:18.

except for a clear abuse of discretion.'" *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 435 (2020) (quoting *Dodge v. Dodge*, 2 Va. App. 238, 246 (1986)).  That discretion extends to "the 'nature, amount and duration' of the award." *Robinson v. Robinson*, 54 Va. App. 87, 91 (2009) (quoting Code § 20-107.1(E)); *see also* Code § 20-107.1(C) (providing that "[t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for . . . an undefined duration").  Determining "[w]hether a trial court has abused its discretion is fact-specific." *Nolte v. MT Tech. Enters., LLC*, 284 Va. 80, 92 (2012) (quoting *Walsh v. Bennett*, 260 Va. 171, 175 (2000)).  We do not substitute our judgment for that of the trial court.  We consider only "whether the record fairly supports the trial court's action." *Id.* (quoting *AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 393 (2011)).

"Code § 20-107.1(E) tasks trial courts with a complex balancing act." *Payne v. Payne*, 77 Va. App. 570, 594 (2023).  Although the statute "requires the consideration of the 'needs' of the 'parties,'" it "does not . . . create a mathematical formula primarily reliant upon the input of financial data." *Robbins v. Robbins*, 48 Va. App. 466, 484 n.10 (2006).  The statute "requires only [that] the factfinder . . . 'consider' the estimated needs of the parties[,] . . . thus authoriz[ing] a flexible, commonsense approach to this aspect of the factfinding exercise." *Id.* (quoting Code § 20-107.1(E)).

A trial court "is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" *Pilati v. Pilati*, 59 Va. App. 176, 183 (2011) (quoting *Duva v. Duva*, 55 Va. App. 286, 300 (2009)).  "What weight, if any, to assign to [each statutory] factor . . . lies within the trial court's sound discretion." *Id.* (quoting *Robbins*, 48 Va. App. at 481).  "[O]nly when reasonable jurists could not differ [on the point of an abuse of discretion] can we say an abuse of discretion has occurred." *Payne*, 77 Va. App. at 595 (quoting *Galiotos v. Galiotos*, 300 Va. 1, 11 (2021)).  Thus, when a court "balance[s] the equities" and

fashions a support award that accounts "for the financial, fault, and other complexities that accompanied the parties' divorce," this Court will not reverse that judgment. *Id.* at 594-95.

The record demonstrates that the trial court considered all the factors in Code § 20-107.1(E) when fashioning wife's spousal support award. The trial court weighed heavily husband's desertion after wife refused to engage in polygamy. *See Payne*, 77 Va. App. at 593 (recognizing that trial court can place "heavy weight" on a spouse's desertion). In addition to husband's fault, the trial court could consider his other acts that "contributed to the marriage's failure," including his second religious marriage and the child born of that union while refusing to divorce wife until he secured citizenship. *See Wyatt v. Wyatt*, 70 Va. App. 716, 719 (2019) (holding that the court may consider "all behavior that affected the marital relationship" (quoting *Barnes v. Barnes*, 16 Va. App. 98, 102 (1993)).

And we find no merit in husband's assertion that the evidence failed to demonstrate that the couple enjoyed a high standard of living during the marriage. Wife testified that husband made "really good money" and that the couple had ample discretionary income to shop, travel, and dine out. Her testimony was corroborated by husband's spending habits and lifestyle after he left the marriage. Husband's personal bank accounts showed frequent local and international travel, as well as purchases of jewelry, apparel, and a luxury car.

While husband spent freely after the separation, wife accumulated significant debt until she could complete the training required to obtain employment. Even after she began working, wife faced a $5,441 shortfall each month, a shortfall that would increase when she purchased her own car. Thus, even though wife included her legal expenses in her monthly shortfall, the trial court's $5,500 spousal support award met wife's needs and permitted her to maintain the lifestyle she enjoyed during the marriage.

"In determining the appropriate amount of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay." *Wyatt*, 70 Va. App. at 719 (quoting *Alphin v. Alphin*, 15 Va. App. 395, 401 (1992)). One spouse's "right to be maintained in the manner to which [she] w[as] accustomed during the marriage" is "balanced against the other spouse's financial ability to pay." *Stubblebine v. Stubblebine*, 22 Va. App. 703, 710 (1996) (quoting *Floyd v. Floyd*, 1 Va. App. 42, 45 (1985)).

This record supports the trial court's finding that husband had the ability to meet wife's need for support. Although husband challenges the trial court's reliance on his deposits into personal and business accounts as representative of his income, the record supports the trial court's conclusion that husband had the "financial resources" and "ability to pay" $5,500 per month in support.

Additionally, the extent and nature of husband's spending during the two years before the spousal award support the trial court's finding. Husband's personal checking account statements show that he spent over $400,000 in the last eight months of 2020, over $680,000 in 2021, and over $240,000 in the first nine months of 2022. As discussed above, the nature and extent of his spending reflect a lifestyle consistent with access to large sums of disposable income. Husband also conceded below that he exercised control over the business accounts, and the bank statements reflected multiple "Zelle"[2] transfers from the Paramount business account to husband's personal account. Thus, the trial court's finding that husband had the ability to pay $5,500 in spousal support was neither plainly wrong nor without evidence to support it.

Finally, we find no merit in husband's assertion that the trial court failed to consider wife's age and future earning capacity when it awarded spousal support indefinitely. Wife's sister testified

---

[2] "Zelle" is an application that facilitates transferring money from one bank account to another. *See* https://perma.cc/7UW7-XKBP.

that the couple's younger child required constant supervision, and wife confirmed that she needed to work remotely so that she could attend to the child's needs. Nothing in the record suggests that the child would ever be able to live independently.

In sum, the record demonstrates that the trial court appropriately weighed and considered all the Code § 20-107.1(E) factors when it determined the support award, and "balanced the equities by fashioning a judgment that accounted for the" parties' financial situation, relative fault, and other complexities. *Payne*, 77 Va. App. at 594-95. Accordingly, the trial court did not abuse its discretion by awarding wife $5,500 in monthly spousal support for an indefinite period.

## II. Trial attorney fees

Trial courts have "broad discretionary authority" to "award attorney's fees and other costs as the equities of a divorce case and its ancillary proceedings may require." *Tyszcenko v. Donatelli*, 53 Va. App. 209, 222 (2008). "An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." *Northcutt v. Northcutt*, 39 Va. App. 192, 199-200 (2002) (quoting *Graves v. Graves*, 4 Va. App. 326, 333 (1987)). "Factors to be considered [in an award of attorney fees] may include . . . whether [one] party unnecessarily increased litigation costs through unjustified conduct." *Rinaldi v. Rinaldi*, 53 Va. App. 61, 78 (2008) (citing *Northcutt*, 39 Va. App. at 200-01). Here, the record supports the trial court's finding that wife incurred substantial costs and fees in litigation "due to . . . [h]usband not producing any financial documents in discovery."

Husband argues that wife's spousal support award already accounted for her attorney fees obligation. However, the spousal support award and attorney fees award serve different functions. The trial court fashioned the spousal support award based on the factors set forth in Code § 20-107.1(E), meant to maintain wife in a lifestyle comparable to that she had in the marriage. The trial court also took into account wife's testimony that she expected her expenses to increase in the

future. And the trial court did not say that its spousal support determination was based on wife's previously awarded legal fees.

Conversely, the attorney fees award was a separate judgment reflecting husband's conduct throughout the litigation. The attorney fees award was not meant to enhance wife's spousal support award. The trial court, therefore, did not abuse its discretion.

## III. Appellate attorney fees

Both parties request attorney fees and costs incurred in this appeal. "The decision of whether to award attorney fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). In making such a determination, the Court considers "all the equities of the case." Rule 5A:30(b)(2)(C). After considering the record before us and the equities of the case, we deny both parties' requests for appellate attorney fees and costs.

## CONCLUSION

The record shows that the trial court properly weighed and considered the factors in Code § 20-107.1 when determining wife's spousal support award. The trial court, therefore, did not abuse its discretion by awarding wife $5,500 a month for an unlimited duration. Nor did the trial court abuse its discretion by awarding wife attorney fees and costs. Neither party is entitled to attorney fees and costs on appeal. Accordingly, this Court affirms the trial court's judgment.

*Affirmed.*