## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Beverly Ann Bull

v.

Charles D. Gentry, Jr.

April 19, 1989

Case No. L-88-178

By JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on the plaintiff's (Bull's) motion to dismiss the counterclaim filed by the defendant (Gentry). Bull contends that the counterclaim was not timely filed.

This action was commenced by a motion for judgment filed on April 28, 1988. Gentry was served on May 10, 1988. At the request of Gentry, unopposed by Bull, the court extended the time within which Gentry could file responsive pleadings. Within that extended period, Gentry demurred. The demurrer was sustained, and on January 20, 1989, Bull filed an amended motion for judgment. On February 17, 1989, Gentry filed grounds of defense and a counterclaim.

Bull's motion to dismiss the counterclaim was filed on March 20, 1989, and notice was given for April 17, 1989. On April 17th, counsel for Bull appeared and argued the motion; no one appeared on behalf of Gentry.

Rule 3:8 requires that a counterclaim be filed within twenty-one days after service of the motion for judgment. That time limit, however, is modified by Rule 1:9 which permits the trial court, in its discretion, to extend the time allowed for filing pleadings.

From the record it appears that the counterclaim was not filed within twenty-one days after service of the motion for judgment or the amended motion for judgment. Gentry has made no request for an extension. In response to the notice and motion to dismiss the counterclaim, Gentry did not appear on April 17th and failed to communicate with the court or counsel regarding his position on the motion.

Ordinarily, a trial court should grant a good faith request for an extension of time, especially if the request is made before the time limit has expired. Even after the time limit has expired, courts generally exercise discretion in favor of late filing where there is a reasonable excuse for the delay and the other party will not be surprised or substantially prejudiced. On the other hand, where there is no reasonable excuse for the failure to timely file a pleading, the court should enforce the rules and not allow a late pleading, so that the case can be moved along to conclusion. As one authority has said: "Parties cannot be allowed to scoff at time limits." *See* Bryson, Handbook on Virginia Civil Procedure (2d ed., 1989), pp. 25-27.

Where, as here, no request for an extension has been requested, and the pleading party has not even responded to a properly-filed motion to dismiss, the motion to dismiss should be granted.

At the April docket call, on request of the plaintiff, this case was set for trial on Tuesday, July 25, 1989, at 10:00 a.m. with a jury. No further continuances will be allowed except for good cause shown.

Mr. Goodpasture will prepare and circulate a sketch order dismissing the counterclaim as untimely filed, making reference to this opinion letter.