Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Koontz, S.J.*

AME FINANCIAL CORPORATION

                                                    OPINION BY
v.     Record No. 091244        JUSTICE S. BERNARD GOODWYN
                                                  March 4, 2011
PAUL G. KIRITSIS, ET AL.


        FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Cleo E. Powell, Judge;
               Frederick G. Rockwell, III, Judge

     In this appeal, we consider whether AME Financial

Corporation (AME) demonstrated good cause to receive relief

from default and whether the circuit court abused its

discretion in failing to grant AME relief pursuant to Rule

3:19(b).

                        I.  Background

     Paul G. Kiritsis and Emilie A. Kiritsis (collectively the

Kiritsises) filed a complaint against AME and GreenPoint

Mortgage Funding, Inc. (GreenPoint)[1] in the Circuit Court of

Chesterfield County, requesting declaratory relief and alleging

breach of contract, actual and constructive fraud, conspiracy,

and violation of the Virginia Consumer Protection Act, Code

§§ 59.1-196 et seq.  AME failed to timely file responsive

---

        * Justice Koontz presided and participated in the hearing and decision of this case prior to the effective date of his retirement on February 1, 2011; Justice Kinser was sworn in as Chief Justice on February 1, 2011.
        [1] The complaint also named two other defendants who are not relevant to the resolution of this appeal.

pleadings and was found to be in default. GreenPoint filed a timely response to the complaint as well as a cross-claim against AME.

AME's numerous motions for relief from default were denied. The circuit court bifurcated the trial on the complaint. It first tried the issue of declaratory relief and ruled in favor of the Kiritsises. In the second phase of the trial, it considered monetary damages, and awarded the Kiritsises attorney's fees and punitive damages against AME. The circuit court also granted GreenPoint judgment against AME on the cross-claim. AME appeals.

## II. Facts

According to the allegations contained in the complaint and the evidence presented at trial, the Kiritsises obtained a mortgage from AME, and at closing executed all documents supplied, thereby completing the loan transaction on the terms previously agreed to by the Kiritsises. A few weeks after the closing, the Kiritsises were contacted by a lawyer for AME who demanded that they sign a new promissory note with significantly different terms. The Kiritsises responded in writing, refusing to sign the new note.

At some time thereafter, without notice to the Kiritsises, Ron Duer, a vice president of AME, wrote his own signature upon a copy of the proposed new note in place and stead of the

Kiritsises' signatures "as AIF," attorney-in-fact, for the Kiritsises. Neither Duer nor any other person affiliated with any of the defendants had been granted power of attorney by the Kiritsises to execute the new note. AME thereafter, for due consideration, assigned the Kiritsises' loan to GreenPoint. GreenPoint subsequently attempted to enforce the terms of the new note against the Kiritsises. Those terms were significantly different from the terms of the note signed by the Kiritsises. The Kiritsises filed this action.

On May 24, 2006, the Kiritsises served AME, a Georgia corporation, through its Virginia registered agent. On or about June 1, 2006, a vice president of AME spoke to the Kiritsises' attorney and was told he would need an attorney licensed in Virginia to file responsive pleadings for AME. However, the vice president for AME, who was not licensed to practice law, signed and filed an answer on behalf of AME on June 14, 2006. In response, on June 22, 2006, the Kiritsises filed a motion to strike the answer and a motion for default judgment against AME, arguing that the answer was improper and that it was a product of the unauthorized practice of law. Notice of a hearing on the matter, scheduled for July 21, 2006, was filed with the motion. The Kiritsises filed an amended motion for default judgment on July 11, 2006, along with a notice of hearing for July 21, 2006. The Kiritsises certified

3

that they mailed a copy of the original motion and notice to AME on June 21, 2006, a month before the July 21 hearing.

AME did not appear at the July 21 hearing. At that hearing, the circuit court granted the Kiritsises' motion to strike AME's answer from the record and found that AME was in default. Because AME defaulted, the circuit court held that AME was deemed to have admitted the allegations in the complaint, and directed that, as concerned AME, the case remain on the docket only for consideration of damages.

AME retained an attorney licensed to practice law in Virginia, and filed a motion for leave to file late responsive pleadings on July 31, 2006. AME thereafter filed a motion for relief from default on September 26, 2006. AME also filed a demurrer to the complaint.

The circuit court heard these motions on October 24, 2006. The circuit court denied AME's motion to file late responsive pleadings and motion for relief from default, "specifically accepting plaintiffs' counsel's representation that he forewarned AME . . . prior to the filing of their actual pro se answer, that AME must have Virginia counsel file an answer on their behalf."[2] In addition, the circuit court "declined to consider AME's Demurrer as it was not removed from default."

_____

[2] The Kiritsises' counsel represented that on June 1, 2006, he advised AME that it could not file pleadings without

4

AME filed a motion to reconsider.  AME additionally filed an amended demurrer.  After conducting a hearing on these matters, the circuit court denied the motion and further denied consideration of the amended demurrer "as the Court has not removed AME from default."

At this point, the circuit court judge assigned to the case recused himself because of a conflict and the court reassigned the case to a different judge.  AME filed another motion for relief from default for consideration by the new presiding judge.  The circuit court again denied AME's motion, stating that it was "substantially similar to motions [previously] denied, and that no new contentions have been brought" to the circuit court's attention.

The Kiritsises' action against AME and GreenPoint proceeded to trial in two phases.  In the first phase, heard on November 15, 2007, the Kiritsises sought declaratory relief against GreenPoint, which was not in default, and AME.  Because it was in default, AME was not permitted to present evidence on liability issues at this proceeding.  However, GreenPoint had filed timely responsive pleadings.  As AME's assignee, it was allowed the opportunity to present AME's defenses as well as its own as AME had declined to indemnify GreenPoint or provide

representation by an attorney licensed to practice law in Virginia.

5

it a defense. After hearing the evidence, the circuit court ruled against GreenPoint, as well as AME, and granted the Kiritsises' motion for declaratory judgment. The circuit court held that the Kiritsises were not obligated to either defendant under any instrument that the Kiritsises did not sign themselves.

In the second phase of the trial, heard on February 4, 2008, the circuit court heard the Kiritsises' evidence of damages against the defendants. AME was allowed to present evidence on that issue. After hearing evidence on damages, the circuit court took the matter under advisement. The circuit court ultimately awarded the Kiritsises $69,463.16 in attorney's fees and court costs on their fraud counts, and $25,000 in punitive damages against AME. In reaching its decision, the circuit court referred to the sufficiency of the Kiritsises' complaint:

> In their cause of action, plaintiffs alleged acts of actual and constructive fraud on the part of the defendants, and at the hearing on February 4, 2008, the Court held the claims to be sufficiently pled and denied Defendant's motion to strike. As AME . . . [is] in a default posture, the sufficiently [pled] claims provide a legal basis for the plaintiff's request for attorney fees.[3]

---

[3] In a footnote, the circuit court additionally held that "the breach of contract and conspiracy claims were also sufficiently [pled]."

On GreenPoint's cross-claim against AME, the circuit court heard evidence concerning GreenPoint's allegations that AME breached its contract and warranty with GreenPoint, and that AME failed to honor the indemnity clause in the contract. AME presented evidence in its defense. In ruling in GreenPoint's favor, the circuit court referenced the following evidence in its letter opinion:

> AME contracted to convey the Kiritsis note to GreenPoint without deficiency. If there was a deficiency, AME contracted that it would repurchase the note or indemnify GreenPoint at GreenPoint's discretion. AME does not dispute the deficiencies in the note. GreenPoint sent AME a letter requesting that it either cure the deficiency by November 4, 2005 or repurchase the note. AME did not cure the deficiencies in the note by November 4, 2005, nor did it repurchase the note. AME breached its contract with GreenPoint by not repurchasing the deficient note. Because of AME's breach, GreenPoint suffered damages.
>
> . . . .
>
> AME signed a contract asserting that it properly executed the note with the Kiritsises and that there was no fraud on the part of AME or its agents during the transaction. . . . AME failed to live up to its warranty. The note was improperly executed and AME committed fraud during the transaction. GreenPoint has offered sufficient proof of a breach of warranty.
>
> . . . .
>
> Section 11-13 of the Representations, Warranties, and Indemnities section of the Seller's Agreement states in part, "seller agrees to indemnify and hold the Company, . . . harmless from Loans that were originated, underwritten, funded and closed by Seller . . . and to defend and make whole the Company." . . . GreenPoint argued that AME did nothing that this

7

clause required.  GreenPoint offered the current litigation as evidence that GreenPoint has not held AME harmless and defended it.  AME provided no counter-argument on this issue.  AME has not held GreenPoint harmless nor has it defended it.  AME failed to indemnify GreenPoint as required by its contract.

The circuit court found that specific performance was appropriate and ordered AME to repurchase the note from GreenPoint with interest.

AME appeals the Kiritsises' and GreenPoint's judgments against it.  It asserts the circuit court erred as follows:

1.  The trial court abused its discretion by denying AME Financial's motions for relief under Rule 3:19(b), and in entering judgment based on default, because AME Financial demonstrated good cause for such relief.

2.  The trial court erroneously granted judgment against AME Financial on GreenPoint's cross-claim, based in part on its finding of default.

3.  The trial court refused to consider AME Financial's demurrer before awarding judgment.

### III.  Analysis

AME admits that its original answer was insufficient without a signature of a member of the Virginia State Bar and, accordingly, does not assign error to the circuit court's decision to strike the answer.  AME argues, however, that the circuit court should have granted it relief from its "brief technical default."  AME claims that the circuit court abused its discretion by denying AME's motion for relief from default

because AME demonstrated good cause for such relief. AME contends that it has satisfied what it calls the "liberal" good cause standard stated in Rule 3:19(b), noting that AME never indicated an intent to abandon its defense, AME filed a timely answer that was later struck by the court, AME retained Virginia counsel the same day that it learned of the default order, and the Kiritsises have not claimed that the delay negatively affected them.

The Kiritsises respond that AME failed to demonstrate good cause because AME had been in default for six weeks before filing its motion for leave to file late responsive pleadings, AME waited more than a month to retain an attorney after learning that its initial answer was invalid and, despite receiving notice, AME failed to attend the July 21 hearing. Thus, the Kiritsises argue that the circuit court did not abuse its discretion in denying AME relief from default. We agree with the Kiritsises.

Under the rules of this Court, a defendant must file responsive pleadings within 21 days after service of process upon that defendant. Rule 3:8(a). "A defendant who fails timely to file a responsive pleading as prescribed in Rule 3:8 is in default." Rule 3:19(a). However, Rule 3:19(b) provides that "[p]rior to the entry of judgment, for good cause shown

9

the court may grant leave to a defendant who is in default to file a late responsive pleading."[4]

Although this Court has not interpreted "good cause" in the context of present Rule 3:19(b), we have previously stated that circumstances that support the exercise of discretion to extend the time for filing include lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, the existence of legitimate extenuating circumstances, and justified belief that the suit has been abandoned or will be allowed to remain dormant on the docket. See Westfall v. Westfall, 196 Va. 97, 103, 82 S.E.2d 487, 490 (1954); Eagle Lodge, Inc. v. Hofmeyer, 193 Va. 864, 870, 71 S.E.2d 195, 198 (1952); Worsham v. Nadon, 156 Va. 438, 443, 157 S.E. 560, 561 (1931). Clearly, this list of justifiable circumstances is not exhaustive or necessarily determinative. A good cause determination invests a trial court with discretion. See Stephens v. Commonwealth, 274 Va. 157, 162, 645 S.E.2d 276, 278 (2007). Additionally, the use of the word "may," as opposed to "shall," in Rule 3:19(b) evidences that even after a defendant shows good cause, a trial

_____

[4] The present version of Part Three of the Rules became effective on January 1, 2006. See, e.g., James v. Peyton, 277

10

court has discretion to grant or refuse the defendant's motion for leave to file late responsive pleadings. See Harper v. Virginia Dep't of Taxation, 250 Va. 184, 194, 462 S.E.2d 892, 898 (1995) ("the word 'may' is prima facie permissive, importing discretion") (internal quotation marks omitted).

Thus, the decision as to whether good cause has been shown so as to allow additional time to file responsive pleadings clearly "rests within the sound judicial discretion of the trial court, it being impossible to lay down a rule which will be binding in all cases." Eagle Lodge, Inc., 193 Va. at 870, 71 S.E.2d at 198 (referring to a former statute that required the filing of the response in an equity suit within a specified time, but also permitted additional time "for good cause shown"); see also Blinder, Robinson & Co. v. State Corp. Comm'n, 227 Va. 24, 28, 313 S.E.2d 652, 654 (1984) ("Whether relief from a default should be granted is a question resting in the sound discretion of the trial tribunal.").

This Court has previously stated:

[A]n appellate court should not simply rubber stamp every discretionary decision of a trial court. To the contrary, we have an obligation to review the record and, upon doing so, to reverse the judgment of the trial court if we find a clear abuse of discretion.

The determination whether a trial court has abused its discretion is fact-specific.

Va. 433, 447 n.1, 674 S.E.2d 864, 865 n.1 (2009).

11

Walsh v. Bennett, 260 Va. 171, 175, 530 S.E.2d 904, 907 (2000) (regarding trial court's discretion to determine appropriate sanction for failure to comply with an order related to discovery).  In evaluating whether a trial court abused its discretion, "we do not substitute our judgment for that of the trial court.  Rather, we consider only whether the record fairly supports the trial court's action." Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997); see also Noll v. Rahal, 219 Va. 795, 801-02, 250 S.E.2d 741, 745 (1979) (trial court did not abuse its discretion in disqualifying an expert witness even though "reasonable trial judges could properly disagree" and "some members of this [C]ourt, had they presided at the trial, may have admitted" the testimony).  " 'The abuse-of-discretion standard [also] includes review to determine that the discretion was not guided by erroneous legal conclusions.' " Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)) (internal quotation marks omitted).

In the instant case, AME was served with the Kiritsises' complaint on May 24, 2006.  The circuit court accepted as true the representation from the Kiritsises' counsel that as early as June 1, 2006, AME had notice that its answer to the

12

complaint needed to be filed by an attorney licensed to practice law in Virginia. Despite this notice, AME's vice president signed and filed a pro se answer on behalf of the corporation on June 14. Thereafter, the Kiritsises served AME with motions advising it that they were moving the court to strike the improper answer and for AME to be found in default and provided written notice of the July 21 hearing regarding the matter. In fact, AME indicated that on or about June 22, 2006 it received a copy of the Kiritsises' motion to strike. Certainly, at that point, AME was on notice of the alleged impropriety of its answer and the serious risk that it was in default. Yet in the nearly one-month period between June 22 and July 21, AME failed to retain counsel and did not have any representative appear at the July 21 hearing. Despite numerous opportunities, AME provided the circuit court no explanation for AME's failure to appear at the July 21 hearing on the motion to strike its answer and for entry of default. Upon this record, our Court cannot find that the circuit court abused its discretion in denying AME relief from default pursuant to Rule 3:19(b).

AME also argues that the circuit court erred in granting judgment against it on GreenPoint's cross-claim based, in part, on the circuit court's finding that AME was in default. The record, however, does not show that the circuit court relied on

13

AME's default in ruling on the cross-claim. To the contrary, the circuit court's letter opinion concerning the cross-claim does not rely on AME's default, but examines the evidence presented at trial supporting GreenPoint's cross-claim for breach of contract, breach of warranty and indemnity. The letter opinion demonstrates that the circuit court entered judgment based upon such evidence. Because AME fails to support its allegation that the circuit court erroneously relied on AME's default in granting judgment for GreenPoint and because the record shows that there was evidence to support the judgment for GreenPoint on its cross-claim, we hold that the circuit court did not err in granting such judgment.

Lastly, AME argues that the circuit court erred by failing to consider AME's demurrer before awarding judgment for the Kiritsises. This Court has stated, regarding a judgment based upon a defendant's default, that "one of the bases upon which such a judgment may be invalidated is when the motion for judgment fails to state a cause of action; under such circumstances, that failure is held to disable the court from entering a valid default judgment." Landcraft Co. v. Kincaid, 220 Va. 865, 870, 263 S.E.2d 419, 422 (1980) (internal quotation marks omitted). Although the circuit court, in ruling on AME's motions for relief from default, stated that it "declined to consider AME's Demurrer as it was not removed from

14

default," the circuit court did consider the sufficiency of the Kiritsises' pleadings prior to entering judgment for the Kiritsises. In its letter opinion awarding the Kiritsises damages against AME, the circuit court reiterated that at trial it held that the Kiritsises' causes of action were sufficiently pled. Therefore, we hold that AME's assertion that the circuit court erred because it refused to consider AME's demurrer before awarding judgment lacks merit.

## IV. Conclusion

Accordingly, for the reasons stated, we will affirm the circuit court's judgment.

<u>Affirmed</u>.