PRESENT:  All the Justices

PATRICIA MARIE LACAVA

v.    Record No. 110711

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE WILLIAM C. MIMS
March 2, 2012

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in denying Patricia Marie LaCava's motion to extend the time for filing transcripts under Rule 5A:8(a).

I.    BACKGROUND AND MATERIAL PROCEEDINGS BELOW

LaCava was convicted in the Circuit Court of the City of Alexandria of two counts of embezzlement, in violation of Code § 18.2-111.  On September 13, 2010, the court entered final judgment sentencing her to a term of three years' imprisonment on each count, to run concurrently, and suspended the sentence for a period of two years subject to conditions.

Though represented by counsel at trial, LaCava commenced her appeal pro se.  She filed a timely notice of appeal and contacted the court reporter to order transcripts of the trial proceedings.  The court reporter informed her that it was the policy of the clerk of court to order transcripts directly for pro se litigants.  However, the court reporter did not realize that LaCava had been represented by counsel at trial and therefore the clerk would not order her transcripts directly.

LaCava, relying in good faith on the court reporter's information, believed that the clerk had ordered the transcripts and filed them with the record.

LaCava subsequently secured representation by appellate counsel, who discovered that the transcripts had not been filed within the 60-day period required by Rule 5A:8(a). Counsel promptly obtained the transcripts and filed them by hand, together with the notice of filing transcripts required by Rule 5A:8(b), on November 17, 2010. Counsel also served the Commonwealth's attorney with the transcripts and notice of filing transcripts by hand the same day.

On December 10, 2010, counsel filed a "Motion to Extend Deadline for Filing Transcript" ("the Motion") in the Court of Appeals under Rule 5A:8(a), which states in pertinent part that that the 60-day period for filing transcripts "may be extended by a Judge of the Court of Appeals only upon a written motion filed within 90 days after the entry of final judgment. Timely motions will be granted only upon a showing of good cause to excuse the delay." The Motion was filed on the 88th day after the entry of final judgment on September 13, 2010. The Motion set forth the facts recited above and asserted that they constituted good cause for extending the 60-day period.

The Motion further noted that the Commonwealth had not been prejudiced by the delay. Because Rule 5A:8(a) provides a

2

period of 60 days after entry of final judgment within which to file transcripts and Rule 5A:8(b) provides a period of 10 days after the filing of transcripts within which to file and serve notice that transcripts had been filed, the Rules provide a period of up to 70 days from entry of final judgment before the Commonwealth would have been aware that transcripts had been filed. However, in this case, the Commonwealth received the transcripts and the notice of filing transcripts by hand on the 65th day after the entry of final judgment. Finally, the Motion noted that the Commonwealth's attorney "consents to the granting of [the Motion] and does not intend to file responses in opposition." The Commonwealth in fact filed no opposition to the Motion.

On January 3, 2011, the Court of Appeals entered an order denying the Motion. The order stated that

> [w]hen a motion to extend is filed after the expiration of the original underlying deadline (in this instance, 60 days after entry of final judgment), but before the specific deadline governing a motion to extend (in this instance, 90 days after judgment), good cause must be shown as to why an extension was not sought by the original due date. In other words, the "good cause" showing must present some persuasive reason for waiting until after the expiration of the underlying deadline to file the motion for an extension of time.
> Upon consideration of [the Motion], and applying the standard set forth above, [the Motion] hereby is denied.

LaCava filed a motion for reconsideration, which the Court of

Appeals denied.  Thereafter, the Court of Appeals entered a per

curiam order denying LaCava's petition for appeal.  The per

curiam order stated that

> [w]ithout a transcript or statement of facts, it
> is not possible to determine whether the issues
> raised by [LaCava] on appeal were preserved in
> the trial court.  Furthermore, it is not
> possible to determine the merits of [her]
> allegations without examining the evidence
> presented.  Therefore, the transcripts or a
> statement of facts are indispensible to a
> determination of these issues.  Accordingly,
> this appeal is denied.

(Citations omitted).  We awarded LaCava this appeal.

## II. ANALYSIS

LaCava argues that the Court of Appeals erred in

interpreting Rule 5A:8(a) to require her to show good cause for

failing to file the Motion within 60 days.[*]  A lower court's

---

[*] The Commonwealth asserts that LaCava's notice of appeal is inadequate because it "challenges only 'the decisions of the Court of Appeals denying her motion for an extension of time . . . and denying her motion to reconsider that ruling,'" neither of which is the final judgment of the Court of Appeals. The Court therefore should not consider LaCava's appeal, the Commonwealth argues, because the notice of appeal "does not challenge the final judgment."

This argument fails to distinguish between the requirements for notices of appeal and assignments of error set forth in our Rules and between their respective purposes.  Our Rules require assignments of error to "address the findings or rulings in the trial court or other tribunal from which an appeal is taken," Rule 5:17(c)(1)(iii), because "[t]he purpose of assignments of error is to point out the errors . . . on which [an] appellant intends to ask a reversal of the judgment, and to limit discussion to these points." <u>Yeatts v. Murray</u>,

4

interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo.  Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010); Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 153 (2008); Jay v. Commonwealth, 275 Va. 510, 517, 659 S.E.2d 311, 315 (2008).  While conceding that the de novo standard of review applies, the Commonwealth nevertheless argues that the Court of Appeals' interpretation of Rule 5A:8(a) is analogous to an administrative agency's interpretation of its own rules.  We disagree.

We have said that "decisions by administrative agencies are given deference when they fall within an area of the agency's specialized competence."  Va. Dep't of Health v. NRV Real Estate, LLC, 278 Va. 181, 185, 677 S.E.2d 276, 278 (2009).

---

249 Va. 285, 290, 455 S.E.2d 18 (1995).  But unlike Rule 5:17(c)(1)(iii), Rule 5:14(a) does not require an appellant to challenge the final judgment in a notice of appeal from the Court of Appeals because the purpose of the notice of appeal is merely to place the opposing party on notice and to direct the clerk to prepare the record on appeal.  Rule 5:15(a) ("The clerk of the Court of Appeals shall transmit all such documents to the clerk of this Court within 10 days after the filing of the notice of appeal to this Court . . . ."); see also Avery v. County School Board, 192 Va. 329, 330, 64 S.E.2d 767, 770 (1951) (interpreting substantially similar language of former Rule 5:1 to mean that until the notice of appeal is filed, "the clerk is under no duty and has no authority to make up the record. The purpose . . . is not to penalize the appellant but to protect the appellee. If the required papers are not filed [within the time required], the appellee is entitled to assume that the litigation is ended, and to act on that assumption. Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right.").

However, we give little deference to an agency's decision that falls outside its specialized competence, Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 404, 468 S.E.2d 905, 908 (1996), and when the issue is one of statutory interpretation we have said an agency's decisions "are not entitled to deference on judicial review." Va. Dep't of Health, 278 Va. at 185, 677 S.E.2d at 278.

We also have said that we will defer to the State Corporation Commission in the interpretation of its own rules. See Level 3 Commc'ns. of Va. v. State Corp. Comm'n, 268 Va. 471, 478, 604 S.E.2d 71, 74 (2004). However, the General Assembly has expressly authorized the State Corporation Commission to prescribe its own rules of practice and procedure. Code § 12.1-25. By contrast, the General Assembly has empowered this Court to promulgate the rules of practice and procedure both for circuit courts and for the Court of Appeals. Code §§ 17.1-403 and 17.1-503. Consequently, while Part 5A of the Rules of this Court governs the proceedings of the Court of Appeals, the provisions of Part 5A remain precisely that – Rules of this Court. Accordingly, this Court reviews the Court of Appeals' interpretation de novo.

The plain language of Rule 5A:8(a) provides a party 90 days from the entry of final judgment within which to file a motion to extend the 60-day period within which to file

6

transcripts. Nothing in the Rule provides a basis for distinguishing such a motion filed on the first day after the entry of final judgment from a motion filed on the ninetieth day.

The Commonwealth argues that the Rule is ambiguous because the word "delay" may refer either to the delay in filing the transcripts in the circuit court after the 60-day period set forth by the Rule has expired or to the delay in filing a motion to extend the period if the motion itself was not filed in the Court of Appeals within 60 days. This argument is without merit. Nothing in the Rules imposes a 60-day period for the filing of such a motion. Consequently, there is no basis upon which the Court of Appeals may require a party to show good cause for failing to file such a motion within the first 60 days of the 90-day period set forth in the Rule.

The Commonwealth contends that the Court of Appeals' interpretation is supported by the language of Rule 5A:8(a) prior to its amendment by this Court on April 1, 2010. Former Rule 5A:8(a) provided that "[u]pon a written motion filed within 60 days after entry of the final judgment, a judge of the Court of Appeals may extend [the period for filing transcripts] for good cause shown." But that language was superseded by the present rule, which took effect on July 1, 2010, well before the proceedings in this case. And it is

7

well-settled that "when an enactment is unambiguous, extrinsic legislative history may not be used to create an ambiguity, and then remove it, where none otherwise exists." Taylor v. Shaw & Cannon Co., 236 Va. 15, 19, 372 S.E.2d 128, 131 (1988) (quoting Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)). Therefore, because Rule 5A:8(a) in its present form clearly provides parties 90 days within which to file a motion to extend, the 60-day limitation set forth in former Rule 5A:8(a) is irrelevant.

Accordingly, the Court of Appeals erred in requiring LaCava to show good cause why the Motion was not filed within 60 days from the entry of final judgment. However, this does not end the inquiry. Rule 5A:8(a) provides that a judge of the Court of Appeals "may" extend the period for filing transcripts "upon a showing of good cause," which LaCava alleged in her Motion. We thus review the Court of Appeals' decision to deny the Motion for abuse of discretion. See AME Fin. Corp. v. Kiritsis, 281 Va. 384, 392, 707 S.E.2d 820, 824 (2011).

In Landrum v. Chippenham & Johnston-Willis Hospitals, Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011), we stated that

> [a]n abuse of discretion . . . can occur in
> three principal ways: when a relevant factor
> that should have been given significant weight
> is not considered; when an irrelevant or
> improper factor is considered and given

8

significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

In its January 3, 2011 order, the Court of Appeals expressly stated that its denial of the Motion was based upon its conclusion that LaCava was required to show good cause why the Motion had not been filed within 60 days from the entry of the final order. That conclusion was erroneous and the order supplies no other factor considered by the Court of Appeals to support its ruling. Because the Court of Appeals considered and gave significant weight to an irrelevant and improper factor, it abused its discretion.

Based on our review of the facts of this case, we conclude that LaCava has shown good cause to extend the period for filing transcripts. We therefore will vacate the Court of Appeals' order denying the Motion. We also will vacate its order denying LaCava's petition for appeal because the order was predicated solely on the absence of a transcript or statement of facts. We will remand this case to the Court of Appeals with directions to grant the Motion and consider LaCava's petition for appeal on its merits with the transcripts incorporated into the record on appeal.

<u>Vacated and remanded.</u>

JUSTICE McCLANAHAN, concurring in part and dissenting in part.

9

I agree with the majority's interpretation of Rule 5A:8. However, I disagree with the majority in determining the issue of whether "good cause" was shown to "excuse the delay" in appellant filing her transcripts. Rule 5A:8. In my judgment, this case should be remanded to the Court of Appeals, directing it to make the "good cause" determination pursuant to the new interpretation of this amended rule announced in today's decision.