## CIRCUIT COURT OF FAIRFAX COUNTY

Seung M. Yang
and Hyun M. Kang

v.

Jin W. Kim,
Jin S. Pak,
and Pyung Y. Pak

January 14, 2015

Case No. CL-2014-6744

By Judge Randy I. Bellows

This case presents the following question. Should this Court grant a defendant leave to late file a responsive pleading where: (1) defense counsel in good faith made a one day calculation error; (2) defense counsel still managed to timely serve plaintiffs with his responsive pleading; (3) defense counsel filed the responsive ·pleading the morning after the responsive pleading was due and, later that day, filed a motion seeking leave to file late the responsive pleading; (4) defense counsel has demonstrated throughout the litigation a consistent commitment to timely filings (this being the only exception); and (5) plaintiffs have suffered no prejudice. Given these facts, the only way this Court could rule in plaintiffs favor would be to hold that a calculation error can never excuse the late filing of a pleading and that an inadvertent error must always and inevitably lead to dismissal of a cause of action. Fortunately, the law recognizes that trial work is a human endeavor, not some robotic computational exercise where miscalculations are impossible and mistakes intolerable. Sometimes there is simply good cause to excuse a party that misses a deadline. This is one such case. For the reasons stated below, Plaintiffs' Motion for Reconsideration is denied.

### Facts and Proceedings

Plaintiffs filed the instant action on May 16, 2014, and served the defendants on May 27, 2014. Defense counsel timely filed a responsive pleading on June 17, 2014, which included a plea in bar, a motion craving oyer, demurrer, and a motion for a bill of particulars. Plaintiffs then served

all three defendants with plaintiffs first set of interrogatories and request for production of documents on May 23, 2014. Defendant Jin W. Kim's answers to plaintiffs first set of interrogatories and first set of request for production of documents were timely delivered to plaintiffs counsel on June 23, 2014. Jin W. Kim's supplemental answers were timely provided to plaintiffs counsel on July 8, 2014. Plaintiffs then served defendants Jin W. Kim and Jin S. Pak with plaintiffs first request for admissions on June 27, 2014. Defense counsel timely provided plaintiffs counsel with Jin W. Kim's answers on July 17, 2014. Plaintiffs then served defendants with their second set of interrogatories and request for production of documents on July 7, 2014, to which defendants timely responded on August 22, 2014.

Defense counsel subsequently filed his memorandum in support of his plea in bar on September 11, 2014, and set the hearing for September 25, 2014. Plaintiffs filed their opposition to defendants' plea in bar on September 17, 2014. At the September 25, 2014, hearing on defendants' plea in bar, plaintiffs' initial complaint was upheld in part and dismissed in part, and the Court granted plaintiffs leave to file an amended complaint within twenty-one days of the Court's ruling.

Plaintiffs filed their amended complaint on October 14, 2014. Thus, pursuant to Rule 3:8 of the Rules of the Virginia Supreme Court, defendants had twenty-one days, or until November 4, 2014, to file their responsive pleadings to plaintiffs' amended complaint. Unfortunately, defense counsel miscalculated and mistakenly believed defendants responsive pleadings were due on November 5, 2014. However, on November 4, 2014, defense counsel represents that he realized his mistake, contacted plaintiffs' counsel by phone to inform plaintiffs counsel of his mistake and also served plaintiffs' counsel by hand with his responsive pleading to the amended complaint.

Plaintiffs' counsel has a different recollection of the November 4, 2014, phone call. According to plaintiffs' counsel, defense counsel told him that the deadline was November 5, 2014, and that his purpose in calling was to set the matter for a hearing. The Court does not need to determine which of these accounts is correct because the salient and undisputed fact is that defendants' counsel did hand serve plaintiffs' counsel with the responsive pleading on November 4, 2014.

Although he was able to serve plaintiffs' counsel on November 4, 2014, it was too late in the day to file his responsive pleading with the Clerk of the Court. Defense counsel filed his responsive pleading with the Clerk of the Court on the morning of November 5, 2014. Defense counsel also filed a motion for leave to late file responsive pleadings in the early afternoon of November 5, 2014.

The Court heard the defendants' motion for leave to late file responsive pleadings on Friday, January 9, 2015. After hearing oral argument, the Court found good cause and granted the defendants' motion to late file responsive pleadings. Plaintiffs filed a motion for reconsideration on Monday, January 12, 2014.

*Analysis*

Under the rules of the Virginia Supreme Court, a defendant must file responsive pleadings within twenty-one days after service of process upon that defendant. Va. Sup. Ct. R. 3:8(a). "A defendant who fails timely to file a responsive pleading as prescribed in Rule 3:8 is in default." Va. Sup. Ct. R. 3:19(a); *AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392 (2011). However, pursuant to Rule 3:19(b), "[prior] to the entry of judgment, *for good cause shown*, the court may grant leave to a defendant who is in default to file late responsive pleading[s]." Va. Sup. Ct. R. 3:19(b); *AME Fin. Corp.*, at 392 (*citing James v. Peyton*, 277 Va. 443, 447, n. 1, (2009) (emphasis added)).

Circumstances in which courts have found good cause to exist to exercise discretion to extend the time for filing include but are not limited to:

> lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, the existence of legitimate extenuating circumstances. . . .

*AME Fin. Corp.*, at 392 (*citing Westfall v. Westfall*, 196 Va. 97, 103 (1954); *Eagle Lodge, Inc. v. Hofmeyer*, 193 Va. 864, 870 (1952); *Worsham v. Nadon*, 156 Va, 438, 443 (1931)). "[T]he use of the word `may,' as opposed to `shall,' in Rule 3:19(b)," indicates that "a trial court has discretion to grant or refuse the defendant's motion for leave to file late responsive pleadings." *Id.* (*citing Harper v. Virginia Dep't of Taxation*, 250 Va. 184, 194 (1995) ("the word `may' is *prima facie* permissive, importing discretion").

"[T]he decision as to whether good cause has been shown so as to allow additional time to file responsive pleadings clearly `rests within the sound judicial discretion of the trial court, it being impossible to lay down a rule which will be binding on all cases'." *Id.* (*citing Eagle Lodge, Inc.*, 193 Va. at 870 (referring to a former statute that required the filing of the response in an equity suit within a specified time, but also permitted additional time "for good cause shown"); *Specialty Hosps. of Wash., L.L.C. v. Rappahannock Goodwill Indus.*, 283 Va. 348, 353 (2012); *see also Blinder, Robinson & Co. v. State Corp. Comm'n*, 227 Va. 24, 28 (1984) ("Whether relief from a default should be granted is a question resting in the sound discretion of the trial tribunal.").

The trial court's exercise of discretion is not unlimited and is subject to reversal if abused. *Id.* at 393 (*citing Walsh v. Bennett*, 260 Va. 171, 175 (2000)). In evaluating whether a trial court abused its discretion, "[an appellate court will] not substitute [its] judgment for that of the trial court. Rather, [it] consider[s] only whether the record fairly supports the trial court's action." *Id.* (*citing Beck v. Commonwealth*, 253 Va. 373, 385 (1997)); *see also Noll v. Rahal*, 219 Va. 795, 801-02 (1979).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*LaCava v. Commonwealth*, 283 Va. 465, 472 (2012).

In *AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392 (2011), the Supreme Court of Virginia ruled that the trial court did not abuse its discretion in accepting the Board of Dentistry's response one business day late, as the dentist presented no evidence to show that the dentist was prejudiced by the one day or that the filing one business day late caused a delay of any kind in the remainder of the proceedings.

In determining whether to grant Defendants' request to late file their responsive pleading, the Court considered numerous factors including: (1) whether plaintiffs were timely served; (2) whether the late filing prejudiced the plaintiffs; (3) the good faith of defense counsel; and (4) the promptness of defense counsel in responding to the opposing parties' decision to progress with the cause. Each of these considerations is discussed below.

## A. *Plaintiffs Counsel Was Timely Served With Defendants' Responsive Pleadings*

Plaintiffs' counsel was served within the prescribed twenty-one day period pursuant to Va. Sup. Ct. R. 3:8. This is an unusual circumstance in a case involving a late filed pleading because, if a filing is late, service is almost always late as well. Here, service was timely and this fact alone undermines a claim of prejudice.

## B. *Plaintiffs Will Not Be Prejudiced by Defendants' Late Filing*

Plaintiffs will not be prejudiced by the defendants' late filing because plaintiffs' counsel has timely received all discovery requests and was timely served with defendants' responsive pleading to their amended complaint on November 4, 2014. Additionally, plaintiffs' counsel failed to present any evidence on brief or at oral argument to show that the plaintiffs would be prejudiced by the one day late filing or that the late filing would cause a delay in the remainder of the proceedings. *Lennon v. Virginia Bd. of Dentistry*, 2007 Va. App. LEXIS 475 (Dec. 27, 2007); *AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392 (2011).

Therefore, the Court finds that plaintiffs have not and will not suffer any prejudice due to defendants one day late filing of their responsive pleading to plaintiffs' amended complaint.

## C. *Defense Counsel Acted in Good Faith*

The Court's review of the file supports the conclusion that defense counsel acted in good faith in attempting to meet its filing deadline.

Good faith, "means honesty in fact and the observance of reasonable commercial standards of fair dealing." U.C.C. § 1-201. "Ordinarily, a trial court should grant a good faith request for an extension of time." *Bull v. Gentry*, 15 Va. Cir. 473, 473 (1989). "Even after the time limit has expired, courts generally exercise discretion in favor of late filing where there is a reasonable excuse for the delay and the other party will not be surprised or substantially prejudiced." *Id.*

Here, defense counsel made an inadvertent calculation error, but did everything possible to ameliorate any conceivable prejudice that might flow from his error. That included timely service of the pleading on plaintiffs' counsel and prompt filing of both the responsive pleading and the motion for leave to late file the responsive pleading.

## D. *Defendant Timely Responded to the Litigation of this Case*

Good cause may be established by "the promptness of the moving party in responding to the opposing parties' decision to progress with the cause." *AME Fin. Corp.*, at 392 (*citing Westfall v. Westfall*, 196 Va. 97, 103 (1954); *Eagle Lodge, Inc. v. Hofmeyer*, 193 Va. 864, 870 (1952); *Worsham v. Nadon*, 156 Va. 438, 443 (1931)).

The record indicates that plaintiffs' counsel emailed defense counsel at 8:45 a.m. on November 5, 2014, indicating his intention to proceed with a motion for default judgment. Defense counsel filed his motion for leave of court to permit a late responsive pleading on November 5, 2014, at 2:34 p.m. Thus, less than six hours after plaintiffs' counsel sent his email, defense counsel had drafted his motion and filed it with the Clerk of the Court.

Moreover, defense counsel's single mistake must be placed in the context of his consistent compliance with deadlines throughout this litigation. He timely filed his initial response. He timely responded to plaintiffs' first discovery request. He timely provided plaintiffs with supplemental answers to plaintiffs' first discovery request, and he also timely responded to plaintiffs' second discovery request.

Plaintiffs rely on *Specialty Hosp. of Washington, L.L.C. v. Rappahannock Goodwill Indus., Inc.*, 283 Va. 348 (2012). That case, however, is wholly distinguishable from the present case. In *Rappahannock*, the Court determined that there was proper service on the defendant through the Secretary of the Commonwealth. *Id.*, at 352. The defendant, after being properly served, filed no responsive pleadings and failed to appear at the scheduled default judgment hearing. *Id.*, at 352, 355. It was not until default judgment had been entered that the Defendant filed a motion for reconsideration under Rule 3:19(d)(1). *Id.*, at 352. The Supreme Court

upheld the circuit court's ruling, which stated, "[t]here's proper service. And for whatever reason, the defendant did not take action to protect its interest and appear before the [c]ourt in a timely fashion. And the default judgment received is appropriate." *Id.*, at 357.

In contrast, defense counsel in the instant case did all that he could to protect the interests of his clients. First, defense counsel timely responded to both plaintiffs' initial complaint and all propounded discovery requests. Second, defense counsel served plaintiffs' counsel with defendants' responsive pleading on November 4, 2014, which was within the twenty-one day deadline. Third, defense counsel filed his responsive pleading with the Court the following morning and filed his motion for leave to late file responsive pleadings later that same day. Fourth, defense counsel appeared in Court to argue his motion and protect his clients interest in the case. In short, the facts in *Rappahannock* are not remotely similar to the facts presently before this Court.

### Conclusion

Failure to respond to a properly served complaint within twenty-one days renders a party in default. Va. Sup. Ct. R. 3:8; Va. Sup. Ct. R. 3:19(a). However, it is within the circuit court judge's discretion to permit the filing of late responsive pleadings. Va. Sup. Ct. R. 3:19(b). If the Court, in its discretion, determines that good cause has been shown by the moving party, it may grant the moving party's leave to file late responsive pleadings. *AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392 (2011). The Court finds good cause to have been shown and grants the Defendants' request to late file responsive pleadings. The Plaintiffs' motion is, therefore, denied.