COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Annunziata
Argued at Norfolk, Virginia

UNPUBLISHED

RODGER LEROY WILLETT, JR.

v.      Record No. 0286-18-1

STACIE RENEE LEE, F/K/A
 STACIE RENEE WILLETT

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 9, 2018

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Jeffrey W. Shaw, Judge

Stephen J. Weisbrod for appellant.

Kenneth W. Gibson (GibsonSingleton PLLC, on brief), for appellee.


Rodger Leroy Willett, Jr. ("husband"), appeals the December 29, 2017 denial of his motion for a new order or leave to appeal by the Circuit Court for the County of Gloucester ("circuit court").  Husband argues that the circuit court erred in denying his motion for a new order or leave to appeal.

On December 30, 2015, husband and Stacie Renee Willett ("wife") received a final decree of divorce from the circuit court.  On March 29, 2017, husband filed a motion to amend the final decree and terminate spousal support on the basis of wife's remarriage.  A hearing was held on September 22, 2017.  The motion to amend was denied at this hearing.  No court reporter was present at this hearing and husband thus provides no transcript or written statement of facts.  An order memorializing this ruling was signed by counsel for both parties and entered on November 3, 2017.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 22, 2017, husband filed a motion for a new order or leave to appeal.  An order denying this motion was entered by the circuit court on December 29, 2017, because husband failed to timely note his appeal.  Husband appealed the denial of this motion on January 29, 2018.

Husband is appealing the denial of a motion, a discretionary action of the circuit court; "[w]e thus review the [circuit court's] decision to deny the Motion for abuse of discretion." LaCava v. Commonwealth, 283 Va. 465, 472, 722 S.E.2d 838, 841 (2012) (citing AME Fin. Corp. v. Kiritsis, 281 Va. 384, 392, 707 S.E.2d 820, 824 (2011)).

> An abuse of discretion . . . can occur in three principal ways:  when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

"No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court under Rule 5A:3(a), counsel files with the clerk of the trial court a notice of appeal."  Rule 5A:6(a). Husband clearly failed to meet the requirements of this rule.  However, husband seeks redress under Code § 8.01-428(C) which provides courts the discretionary ability to grant leave to appeal.

> If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom . . . .

Code § 8.01-428(C).

Husband argues that he lacked notice of the final order entered on November 3, 2017, because the clerk of court failed to mail the final order to him in a timely fashion. While the circuit court agreed that there was an "unreasonable delay" in mailing husband the final order, it found that husband was notified for purposes of Code § 8.01-428(C) because husband's counsel endorsed the final order in court on September 22, 2017, and should have expected that it would be entered shortly thereafter.[1] Additionally, the circuit court noted that it could find no affirmative statutory requirement that the clerk mail the order to husband or his counsel and that in the absence of such express power one cannot be implied because the Constitution of Virginia limits the duties of a clerk to those "prescribed by general law or special act." Va. Const. art. VII, § 4.

Husband further argues that the circuit court incorrectly relied on the failure of husband or his counsel to check the circuit court's website. Presumably, the November 3, 2017 order was posted on the circuit court's website. The December 29, 2017 order denying husband's motion does mention that husband failed to check the website, but only as an example showing that husband failed to make any proactive inquiry into the case between the September 22, 2017 hearing and his receipt of the delayed mail. Though considering an improper factor is an element of the Landrum standard noted above, it does not appear that the circuit court relied on husband's failure to check the website in coming to its decision.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

---

[1] Husband also argues on appeal that Rule 5A:6(a) requires an appeal to be filed "*within* thirty days" of entry of order, and not before. However, husband was not obligated to wait for entry to file his appeal. Rule 5A:6(a) contains a provision clearly stating that "[a] notice of appeal filed after the court announces a decision or ruling—but before the entry of such judgment or order—is treated as filed on the date of and after the entry." The sentence immediately following husband's citation contains this early filing provision, which is not in conflict with the segment of the rule that husband emphasizes.