COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Chaney and Lorish


KHALIL ABDEL SALAHUDDIN

v.     Record No. 0705-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 31, 2023


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

(Khalil Salahuddin, on brief), *pro se*.

No brief for appellee.


The trial court entered a final order forfeiting the assets of Khalil Abdel Salahuddin to the

Commonwealth after Salahuddin failed to file responsive pleadings to the Commonwealth's notice

of seizure and Information. Arguing that he never received proper service of process, Salahuddin

contends that the trial court erred by entering judgment for the Commonwealth and by denying his

"motion for nonsuit" contesting the entry of judgment. Because the record shows Salahuddin was

personally served with the notice of seizure, we unanimously hold that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). And we

affirm the trial court's judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

At 11:00 a.m. on October 1, 2015, Salahuddin was personally served with a notice of seizure and Information informing him that law enforcement had seized $5,635 on July 28, 2015, and that he was a party defendant. It also instructed him that failure to file a written answer in circuit court within thirty days of service could result in the forfeiture of his claim to the seized property. The notice also stated that the seized property "was involved in a violation of [§] 18.2-248 through [§] 18.2-248.5, and § 19.2-386.22, of the Code of Virginia, 1950, as amended," and that "on October 19, 2015 at 9:00 AM, in Circuit Court or as soon thereafter as counsel may be heard," the Commonwealth would move to have the property forfeited to it. The notice of seizure reflects these details of service, confirming that Deputy Sheriff Thomas from Spotsylvania County "delivered in person" at 11:00 a.m. on October 1, 2015.

The Information, filed by the Commonwealth on October 2, 2015, stated that the Commonwealth had undertaken "civil actions for forfeiture" under Code § 19.2-386.1. The Information said that law enforcement officers had seized the funds in question in July 2015, because they were "used in substantial connection with or were proceeds derived from . . . illegal [drug activities] . . . in violation of [§] 18.2-248 through [§] 18.2-248.5, and § 19.2-386.22 of the Code of Virginia, 1950, as amended." The Commonwealth requested that the seized funds be forfeited and asked the court to notify interested parties to appear on October 19, 2015, at 9:00 a.m. to show cause why their interests in the property should not be forfeited.

On October 19, 2015, the trial court entered an order stating that Salahuddin had been personally served with the notice of seizure and the Information on October 1, 2015. The order

---

[1] "Under well-settled principles, we review the record applying the same standard a trial court must adopt in reviewing a motion for summary judgment, accepting as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Stahl v. Stitt*, 301 Va. 1, 8 (2022) (quoting *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009)).

stated that Salahuddin had not appeared, but that the proceedings were continued to November on the Commonwealth's motion. In November 2015, Salahuddin appeared in person before the trial court to be arraigned on several drug-related charges. The order reflecting the arraignment also stated that Salahuddin had "a forfeiture case to be set along with these felony cases." The order set the case for a jury trial and remanded Salahuddin to custody.

Salahuddin appeared again in the trial court in March 2016. The trial court appointed new counsel for Salahuddin and continued the trial date to June. The trial court scheduled the forfeiture case for the same day as the jury trial. On June 23, 2016, the trial court advanced the case to June 24, 2016, for a plea at the request of Salahuddin's new counsel.

Nothing happened in the civil forfeiture matter until March 15, 2022, when the Commonwealth moved for summary judgment. The motion alleged that Salahuddin's "related criminal case" had concluded in 2016 with his conviction for possession of a controlled substance with the intent to distribute. It also asserted that Salahuddin was personally served with notice of the forfeiture proceedings on October 1, 2015, and had never filed responsive pleadings. Attached to the motion were copies of the July 2016 order convicting Salahuddin of possession of a controlled substance with the intent to distribute, second or subsequent offense, and the notice of seizure confirming personal service on October 1, 2015. The Commonwealth asked the trial court to enter "default forfeiture order" in its favor and mailed a copy of its motion to Salahuddin.

In March 2022, the trial court entered an "order of forfeiture." It found that the Information had not been contested and its allegations were thereby admitted. The trial court found that the $5,635 had been "used in substantial connection with the illegal sale or distribution of controlled substances in violation of [Code] § 18.2-248."

Salahuddin then filed a motion for "non-suit" in which he denied that the seized funds had been "used in substantial connection with the illegal sale or distribution of controlled substances in violation of [Code §] 18.2-248." He also asserted that the Commonwealth had presented no evidence that he was served with the notice of seizure and Information. The trial court denied the motion, and Salahuddin appeals.

ANALYSIS

"In an appeal from a circuit court's decision to grant or deny summary judgment, we review the application of the law to undisputed facts de novo." *Stahl v. Stitt*, 301 Va. 1, 8 (2022). "Summary judgment may not be entered if any material fact is genuinely in dispute." *Id.* (quoting Rule 3:20). "It follows that immaterial facts genuinely in dispute or material facts not genuinely in dispute do not preclude the entry of summary judgment." *AlBritton v. Commonwealth*, 299 Va. 392, 403 (2021).

"Under the rules of this Court, a defendant must file responsive pleadings within 21 days after service of process upon that defendant." *AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392 (2011); *see* Rule 3:8(a). "A defendant who fails timely to file a responsive pleading as prescribed in Rule 3:8 is in default." Rule 3:19(a). That said, Rule 3:19(b) provides that "[p]rior to the entry of judgment, for good cause shown the court may grant leave to a defendant who is in default to file a late responsive pleading." "Thus, the decision as to whether good cause has been shown so as to allow additional time to file responsive pleadings clearly 'rests within the sound judicial discretion of the trial court, it being impossible to lay down a rule which will be binding in all cases.'" *Kiritsis*, 281 Va. at 392-93 (quoting *Eagle Lodge, Inc. v. Hofmeyer*, 193 Va. 864, 870 (1952)).

Salahuddin argues that the trial court erred by granting the Commonwealth's motion for summary judgment and by ordering forfeiture of his assets because "he was never served with proper service of process," thereby creating "a genuine issue in dispute." He also maintains that

- 4 -

the trial court erred by ordering the forfeiture of his property without proof of proper service, as argued in his "motion for non-suit." But the record shows that Salahuddin was personally served with notice of the forfeiture proceedings on October 1, 2015, at 11:00 a.m. *See* Code § 8.01-296(1) (service may be made by "delivering a copy" of the document "in writing to the party in person" with no signature required from the recipient).

The notice of seizure informed Salahuddin that he was a party defendant, that $5,635 had been seized, and that failure to file a written answer in circuit court within thirty days of service could result in the forfeiture of his claim to the seized property.[2] Despite more orders reflecting Salahuddin's personal appearance in court in connection with the forfeiture proceedings and pending criminal charges, he never filed an answer or any other responsive pleading to the forfeiture proceedings. The record reflects that the Commonwealth waited more than six years after Salahuddin's default to seek entry of a default forfeiture order. There is no genuine dispute over service; thus, the record supports the trial court's decision to grant summary judgment and enter an order of forfeiture.

Nor did the trial court abuse its discretion by refusing to set aside the default judgment. The record shows that Salahuddin was convicted of a drug-related offense in 2016 and he proffered no evidence to support his new claim that the seized funds were unrelated to his drug

---

[2] Under Code § 19.2-386.3(B), a notice of forfeiture must contain

> a statement warning the party defendant that his interest in the property shall be subject to forfeiture to the Commonwealth unless within 30 days after service on him of the notice, or before the date set forth in the order of publication with respect to the notice, an answer under oath is filed in the proceeding setting forth (i) the nature of the defendant's claim, (ii) the exact right, title or character of the ownership or interest in the property and the evidence thereof, and (iii) the reason, cause, exemption or defense he may have against the forfeiture of his interest in the property, including but not limited to the exemptions set forth in § 19.2-386.8.

activities.  And as discussed above, the argument that he was never served with notice of the forfeiture is not supported by the record.  We find no error in the trial court's order of forfeiture or its denial of Salahuddin's "motion for non-suit."

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.[3]

*Affirmed.*

---

[3] We also deny Salahuddin's motion for default judgment and the Commonwealth's motion to dismiss Salahuddin's appeal.